# CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

## OCTOBER TERM, 1911.

---

THE STATE ex rel. TERMINAL RAILROAD
ASSOCIATION v. DANIEL O'CONNELL
TRACY, JUDGE, and CITY of ST. LOUIS.

**In Banc, October 24, 1911.**

1. **PROHIBITION: Injunction: Distinction: Jurisdiction.** A writ of prohibition may be likened to the equitable remedy by injunction against proceedings at law. But an injunction against proceedings at law is directed only to the parties litigant, without in any manner interfering with the court, while a prohibition is directed to the court itself, commanding it to cease to exercise a jurisdiction to which it has no legal claim. The right to injunction implies a wrong threatened by parties litigant; a prohibition, that a wrong is about to be committed by a court or judge assuming to exercise a judicial power it does not possess.

2. **————: Grounds: Oppresiion and Abuse of Jurisdiction:.** Unless the court sought to be prohibited is wanting in jurisdiction over the class of cases to which the pending case belongs, or is attempting to act in excess of its jurisdiction in a case of which it rightfully has cognizance, the writ of prohibition will be denied. There is no exception to that rule. If the court has jurisdiction of the pending case, the writ cannot be used to prohibit it from trying that or similar cases on the ground that its jurisdiction is being abused by the city in bringing numerous suits under an ordinance which does not make relator's acts an offense, and the court is vexatiously oppressing relator by rendering judgments against it therein.

State ex rel. v. Tracy.

3. ———: ———: ———: **Police Court: Obstruction of Streets: Multitudinous Suits: Defective Information.** Where the police court has jurisdiction of all cases for the violation of city ordinances and the prosecutions complained of are for alleged violations of said ordinances (and said jurisdiction is admitted by a return asserting it and a motion by relator for judgment on the pleadings), the writ of prohibition cannot be used to restrain the judge of said court from proceeding to try the pending and similar causes, either (1) on the ground that the informations in the two hundred pending cases are all defective, or (2) that the ordinance which they charge relator with violating, namely, the section relating to obstruction of the streets, does not have reference to the moving of railroad trains across streets, which is the only offense relator has committed, or (3) that, in spite of the inapplicability of the ordinance to relator's acts, the police court is daily proceeding to assess numerous fines against relator, and the city will not agree to desist in said prosecutions until the validity of the judgments can be determined by the proper appellate court in the similar causes already appealed.

## Prohibition.

WRIT DENIED.

*T. M. Pierce* and *J. L. Howell* for relator.

The preliminary writ in prohibition having issued as an exercise of discretion by this court, this case should be decided upon its merits, in the furtherance of justice. According to the authorities of this State and recognized text-writers, a writ in prohibition will be ordered by a superior court to curb and restrain a lower court in the following instances: First, When the lower court has no jurisdiction; Second, When the lower court is proceeding in excess of its jurisdiction; Third, When the instrumentalities of the lower court are being used for purposes of oppression, and the jurisdiction of the court abused. The most familiar example of the first ground for prohibition is when the legislative authority, which the lower court has assumed as a predicate for action, is unconstitutional and void. State ex rel. v. Weithaupt, 133 S. W. 329. An example of the second ground for prohibition is when a court attempts to appoint a receiver in a

case not justified by law. Railroad v. Wear, 135 Mo. 230; State ex rel. v. Ross, 122 Mo. 435; State ex rel. v. Hirzel, 137 Mo. 435. An example of the third ground for prohibition is when a court permits multitudinous and innumerable prosecutions to be urged for purposes of coercion and embarrassment. State ex rel. v. Eby, 170 Mo. 526.

*Lambert E. Walther* and *William E. Baird* for respondents.

(1) Where the inferior court has jurisdiction over the class of cases to which the pending case belongs, prohibition will not lie, unless it appears that the court has abused its powers or has entertained the case for improper purposes. High, Extra. Remedies (3 Ed.), sec. 767; State ex rel. v. Withrow, 108 Mo. 7; State ex rel. v. Railroad, 100 Mo. 59; State ex rel. v. Scarritt, 128 Mo. 331; Delaney v. Police Court, 167 Mo. 679; State ex rel. v. Stobie, 194 Mo. 14; State ex rel. v. Ross, 122 Mo. 435. (2) Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts and to determine whether or not they are sufficient to invoke the exercise of that power. Foltz v. Railroad, 60 Fed. 318; State ex rel. v. Railroad, 100 Mo. 59; Schubach v. McDonald, 179 Mo. 182. (3) "If the inferior court has jurisdiction over the class of cases to which the pending case belongs, it has the power to decide whether the petition does or does not state a cause of action, and the mere failure of a petition to state a cause of action or the defective statement of a good cause of action, in no way affects the jurisdiction of the court." High, Extra. Remedies (3 Ed.), sec. 767a; State ex rel. v. Railroad, 100 Mo. 59; Dowdy v. Wamble, 110 Mo. 285; State ex rel. v. Scarritt, 128 Mo. 339; Schubach v. McDonald, 179 Mo. 182. (4) Although police courts have limited jurisdiction,

yet when they are once possessed of jurisdiction, the same presumption as to their conduct is indulged as is accorded courts of general jurisdiction. Delaney v. Police Court, 167 Mo. 679; Ellis v. Jones, 51 Mo. 186; Wertheimer v. Mayor, 29 Mo. 254. (5) Assuming, however, that jurisdiction is determined solely by the sufficiency of the petition or information, the informations in question state a cause of action, because Sec. 1224 of the revised ordinances prohibits any obstruction in a street which is not authorized by ordinance and is not incident to the ordinary uses of a street, and the operation of steam railroad trains over streets is not one of the ordinary uses of such streets. Sherlock v. Railroad, 142 Mo. 172.

KENNISH, J.—This is an original proceeding in prohibition brought by the relator, Terminal Railroad Association of St. Louis, against the respondents, Daniel O'Connell Tracy, Judge of the First District Police Court of the city of St. Louis, and the city of St. Louis. Relator filed its petition in this court on the 28th day of June, 1910. A preliminary rule in prohibition was issued against respondents as prayed and made returnable to the October term, 1910. In due time the respondents filed their return to the writ. The relator moved for judgment on the pleadings and the cause being thus at issue is submitted for decision.

The pleadings are lengthy and we do not deem it necessary that they should be set forth in this statement. The facts determinative of the case stand admitted by the respondents' return and by the relator's motion for judgment on the pleadings.

The allegations of the petition are substantially as follows: That relator is a railway corporation, organized under the laws of this State, and in accordance with said laws and the ordinances of the city of St. Louis, is engaged in the business of a terminal railroad company within the limits of said city, re-

ceiving, transporting and delivering cars and trains
of cars from the various railway companies connected
with its terminal lines, and in switching cars to and
from industries and manufacturing companies within
said city and to and from the Union Station, which
station is owned and controlled by relator; that the
respondent, the city of St. Louis, is a municipal cor-
poration, organized and existing under a special
charter adopted by its citizens in accordance with the
Constitution and laws of this State; that the respond-
ent Tracy, at the times mentioned, was and is acting
justice of the First District Police Court of said city,
possessing jurisdiction of all suits for the recovery
of any fine, forfeiture or penalty imposed for the viola-
tion of any ordinance of said city.   That there are
pending before respondent Tracy, as acting justice
of said police court, against relator, about two hundred
separate cases for alleged violations of a certain or-
dinance, instituted by the respondent city and set for
trial; that seventeen cases for such alleged violations
of said ordinance have been prosecuted to final judg-
ment against relator in said police court and fines
imposed amounting to the total sum of seven thousand
and fifty dollars, from which judgments appeals have
been taken to the court of criminal correction of said
city; that in some of the cases so appealed to the latter
court judgments have been rendered against relator
and fines imposed, aggregating the sum of eighteen
hundred dollars; that all of said prosecutions are based
upon alleged violations of ordinance No. 22902, sec.
1224, of the ordinances of said city, which section is
as follows:

"Whoever shall himself, or by another, place
upon any highway or other public place any obstruc-
tion not authorized by ordinance, or make any excava-
tion in such place without lawful authority, or displace
or remove any stones, stakes or other landmark placed

by any officer of this city under authority thereof, or injure or deface any property, or violate any provisions of this ordinance for violation of which no specific penalty is provided, shall forfeit and pay not less than ten dollars."

That said prosecutions were instituted by the city attorney of the respondent city by filing informations identical in form, except where there is a difference in the streets alleged to have been obstructed, and that many of the informations relate to the same streets and portions thereof; that the said informations, omitting caption and signature, are in the following form, to-wit:

"Terminal Railroad Association of St. Louis, a Corporation.    To the City of St. Louis, Dr.

"To five hundred dollars, for the violation of an ordinance of said city, entitled 'An ordinance in revision of the General Ordinances of the City of St. Louis, being ordinance No. 22,902, Section 1224, Approved March 19, 1907.'

"In this, to-wit:

"In the City of St. Louis and State of Missouri, on the ———— day of ————, 1909, and on divers other days and times prior thereto, the said Terminal Railroad Association of St. Louis, a corporation, did then and there place and cause to be placed upon the public highway, known as ———— street, at or near City Block ————, an obstruction not authorized by ordinance consisting of engines, cars and trains of cars operated and run over tracks lying across ———— street aforesaid.

"Contrary to the ordinance in such case made and provided."

It is further alleged that no charge or allegation is contained in any of said informations that the tracks of relator were not laid, constructed or maintained upon or across said streets with authority of law and with the consent of said city; that there is not now and

was not at any of the times mentioned any ordinance of said city forbidding the operation or movement of engines, cars or trains of cars across any street of said city, as appears from the printed and published ordinances of said city, which ordinances are exhibited with and made a part of the petition; that the said city has now printed one thousand blank informations and is filling and filing the same and if not prohibited from so doing by this court will continue to file other and further informations of the same character and will continue such prosecutions, to the great and irreparable injury of the relator and to the destruction of its business; that relator has presented the jurisdictional questions against said prosecutions both to said police court and to the court of criminal correction and its motions and objections have been overruled and disregarded, and that the respondent court, being without jurisdiction in the premises, is wrongfully, illegally and oppressively asserting and exercising jurisdiction in such causes against relator's constitutional rights and will continue to do so unless prohibited by this court; that by reason of said prosecutions relator is compelled, at great cost and expense, to keep its attorneys almost constantly engaged in the defense thereof and in filing bonds and perfecting appeals therein; that the remedy of appeal is wholly inadequate, and that relator has endeavored in vain to obtain the consent of said city to stop the bringing of said suits and the prosecution of all except one, in order that the rights of the parties may be finally determined by the result of an appeal to this court.

It is further alleged that said section 1224 of the ordinances of said city, against the provisions whereof the relator is alleged to have offended, relates solely to objects placed and at rest in the public highways in said city and not to vehicles in motion, operated along, upon or across the same, and has no reference to or bearing upon the right to operate engines, cars

or trains of cars upon, along or across the city's streets; that the regulation and operation of steam cars or steam railroads in said city are controlled and governed by the provisions of article 5, chapter 23, of said ordinances, embracing sections 1852 to 1862 inclusive; that in proceeding against relator under said informations said police court "is acting in excess of its jurisdiction and powers, and is proceeding in grievous abuse of its powers, in holding your relator under the circumstances hereinbefore recited, to defend against all or any number of said alleged informations, and it prays this court to protect it against the hardships, injustice and oppression involved in requiring it to defend against all of said two hundred and ten alleged informations."

Relator has filed as exhibits with its petition copies of the sections of the ordinances of said city fixing and defining the jurisdiction of the police court, together with a descriptive list of the cases now pending against it in the said police court and the court of criminal correction.

The facts set forth in relator's petition are substantially admitted in respondents' return. Respondents affirmatively plead in the return, and it stands admitted by the motion for judgment on the pleadings, that by the charter of the city of St. Louis the First District Police Court is vested with exclusive original jurisdiction over all cases involving the violation of the ordinances of said city, including jurisdiction over offenses for the placing of obstructions in the highways of said city, and that in entertaining jurisdiction of the cases referred to in the relator's petition said police court acted by virtue of the authority and power so conferred by said charter and not otherwise.

The foregoing is deemed a sufficient statement of the facts for the purposes of this opinion.

The remedy by writ of prohibition is of ancient origin in our system of jurisprudence. The principles of

law governing its issuance and the facts necessary to warrant relief by that extraordinary writ have frequently been the subject of adjudication in this and other courts of last resort, as well as the theme of much learning by the text-writers. It has been likened to the equitable remedy by injunction against proceedings at law. The object in each case is the restraining of legal proceedings, but, as has been said: "This vital difference is, however, to be observed between them: an injunction against proceedings at law is directed only to the parties litigant, without in any manner interfering with the court, while a prohibition is directed to the court itself, commanding it to cease from the exercise of a jurisdiction to which it has no legal claim." [High's Extraordinary Legal Remedies (3 Ed.), sec. 763.] There is this further similarity between the two remedies thus compared, which is of importance in the consideration of the case in hand, namely, that as the right to the remedy by injunction implies a wrong threatened by the parties litigant against whom the relief is sought, so the right to the writ of prohibition implies that a wrong is about to be committed, not by the parties litigant, as in the case of injunction, but by the person or court assuming the exercise of judicial power and against whom the writ is asked. Indeed, it may be said generally of all procedure in courts of justice for the enforcement of civil rights, that the existence of a remedy on the one hand implies actionable wrong on the other. It follows that to entitle a relator to a writ of prohibition it should be made to appear that it is within the power and that it is the duty of the person or court proceeded against to refrain from taking the threatened judicial action which is made the basis of the complaint. The judicial wrong or fault which calls for the writ of prohibition does not mean an infraction of personal rights only, but rather an offending of the court by

an assumption of judicial power and jurisdiction not authorized by law.

Relator states in its brief that the writ of prohibition will be ordered by a superior court to curb and restrain an inferior court in the following instances: "First, When the lower court has no jurisdiction. Second, When the lower court is proceeding in excess of its jurisdiction. Third, When the instrumentalities of the lower court are being used for the purposes of oppression, and the jurisdiction of the court abused."

The first two grounds thus stated are recognized as settled law in the adjudged cases, and if the facts of a given case show either want of jurisdiction or excess thereof, together with an absence of an adequate remedy at law or in equity, a case is made warranting the issuance of the writ. It should be observed that, although want of jurisdiction and excess of jurisdiction are commonly referred to and considered as separate grounds for the issuance of the writ, there is in principle little distinction between them, as each means an attempt by a court or person to take judicial action without judicial power or authority for such action.

The third ground, as stated by relator, is rather vague and indefinite, and seems to assert the proposition that there exists a basis for the issuance of the writ independent of and not comprehended within either of the first two grounds. This contention is the main question before us for decision and a consideration of the admitted facts of this case makes obvious the importance and necessity to relator of its ability to maintain that proposition.

An examination of the authorities upon the law governing the issuance of this extraordinary writ has brought to our attention, among others, the following:

"The sole question for determination upon an application for the writ of prohibition is whether or not the inferior court has usurped jurisdiction or

exceeded its lawful powers, and the writ is always refused where it appears that the court has jurisdiction over the matter complained of." [16 Ency. Pl. and Pr. 1125.]

"Upon an application for a writ of prohibition to stay the action of an inferior court, the sole question to be determined is the jurisdiction of that court." [High's Extraordinary Legal Remedies (3 Ed.), 767b.] "In all cases, therefore, where the inferior court has jurisdiction of the matter in controversy, the superior court will refuse to interfere by prohibition, and will leave the party aggrieved to pursue the ordinary remedies for the correction of errors, such as the writ of error or *certiorari*. In the application of the principle it matters not whether the court below has decided correctly or erroneously; its jurisdiction being conceded, prohibition will not go to prevent an erroneous exercise of that jurisdiction." [High's Extraordinary Legal Remedies (3 Ed.), sec. 772.]

"The court will exercise its authority to issue writs of prohibition to courts of inferior jurisdiction, only in cases where such courts clearly exceed their jurisdiction, or attempt to usurp a jurisdiction belonging to some other forum." [2 Spelling on Injunctions and Other Extraordinary Remedies (2 Ed.), sec. 1723.]

"The broad governing principle is that a prohibition lies where a subordinate tribunal has no jurisdiction at all to deal with the cause or matter before it; or where, in the progress of a cause within its jurisdiction, some point arises for decision which the inferior court is incompetent to determine. But a prohibition will not lie where the inferior court has jurisdiction to deal with the cause and with all matters necessarily arising therein, however erroneous its decision may be upon any point." [Shortt on Mandamus and Prohibition, sec. 436.]

"Where the lower tribunal has jurisdiction of the parties and of the subject-matter prohibition will not lie." [32 Cyc. 605.]

See also 16 Ency. Pl. and Pr. 1094; High's Extraordinary Legal Remedies (3 Ed.), secs. 762, 764a, and 771a; 2 Spelling on Injunctions and Other Extraordinary Remedies (2 Ed.), secs. 1716 and 1752; Wood on Mandamus, Prohibition, etc., 147; Lloyd on Prohibition, 48.

And from the decisions of this court the following:

"A writ of prohibition issues from a superior to an inferior court to restrain the latter from exceeding its jurisdiction. [5 Bacon 446, Prohibition.] The justice clearly had jurisdiction, and the writ was improvidently issued." [Morris v. Lenox, 8 Mo. l. c. 253.]

"Such jurisdiction being conceded, it clearly follows that a writ of prohibition will not issue to prevent its erroneous exercise. Some other remedy must be resorted to." [Wilson v. Berkstresser, 45 Mo. l. c. 286.]

"The question is not whether the court was authorized to render the judgment entered, but whether it had jurisdiction to enter any judgment at all." [State ex rel. v. Burckhartt, 87 Mo. l. c. 538.]

"The purpose of the writ is to prevent the inferior tribunal from assuming a jurisdiction with which it is not legally vested. If the lower court has jurisdiction to determine the question before it, prohibition will not lie." [State ex rel. v. St. Louis Court of Appeals, 99 Mo. l. c. 221.]

"The question for decision is whether this court can properly and lawfully prohibit the circuit court from further taking cognizance of the application made to it by the plaintiffs in said injunction case. This depends upon whether that court was entirely wanting in jurisdiction to grant said injunction on the showing made in the petition, or whether, granting it had juris-

diction in that class of cases, it has not exceeded its jurisdiction." [State ex rel. v. Wood, 155 Mo. l. c. 445.]

"The jurisdiction of the police court to try cases for violation of municipal police regulations, leveled at disorderly conduct and drunkenness on the streets, is exclusive. Its procedure in the exercise of its jurisdiction may or may not be erroneous, but so long as it has jurisdiction, and acts within its jurisdiction, its rulings and proceedings can not be reviewed or corrected by means of a writ of prohibition, no matter how erroneous such rulings and proceedings may be. Mere error or irregularity or mistake, be it ever so manifest, which does not amount to an excess of jurisdiction, will not be ground for a prohibition." [Delaney v. Police Court, 167 Mo. l. c. 679.]

See also State ex rel. v. Klein, 116 Mo. 259; State ex rel. v. Scarritt, 128 Mo. 331; State ex rel. v. Moehlenkamp, 133 Mo. 134; Wand v. Ryan, 166 Mo. 646; Schubach v. McDonald, 179 Mo. 163, and State ex rel. v. Stobie, 194 Mo. 14.

Upon the foregoing authorities it may be safely asserted, as settled law and without exception, that unless the court sought to be prohibited is wanting in jurisdiction over the class of cases to which the pending case belongs, or is attempting to act in excess of its jurisdiction in a case of which it rightfully has cognizance, the writ will be denied.

It is contended by relator that the information fails to state a cause of action and therefore that the court is without jurisdiction and the writ should be issued for that reason, especially in view of the number of informations pending and about to be filed. This position is clearly untenable and no authority is cited in its support. If the lower court has jurisdiction of the class of cases to which the said prosecutions belong, then there can be no doubt of its jurisdiction to determine the sufficiency of the information, leaving the losing party the right to have such judgment

reviewed on appeal.    It stands admitted in this record that the police court has exclusive jurisdiction of all cases for the violation of city ordinances and that the prosecutions complained of are for the alleged violations of said ordinances.    It follows that said court must have the right to determine whether the informations coming before it charge or fail to charge a violation. of said ordinances, and the writ of prohibition "cannot be rightly employed to compel a judicial officer, having full jurisdiction over the parties and a cause, to steer his official course by the judgment of some other judge, or to substitute the opinion of another court for his own in dealing with the topics committed by the law to his decision."

"Where jurisdiction over the parties and the subject of the cause is (as in this instance) clear, any error of the trial court in ruling on the sufficiency of the pleading forming the basis of the suit cannot be corrected by resort to a writ of prohibition." [State ex rel. v. Scarritt, 128 Mo. 1. c. 340.]

In State ex rel. v. Stobie, 194 Mo. 1. c. 52, this court said: "If the court has jurisdiction of the class of cases to which the proceeding sought to be prohibited belongs, and acquires jurisdiction of. the subject-matter, the mere fact of defects in the petition or complaint by which the proceeding was inaugurated, will not authorize the issuance of a writ of prohibition." And see State ex rel. v. Railroad 100 Mo. 1. c.  61; Schubach v. McDonald, 179 Mo. 1. c. 182; High's Extraordinary Legal Remedies  (3 Ed.), sec. 767a; State ex rel. v. Lucas, 236 Mo. 18.

Relator states in its brief:   "An example of the third ground of prohibition is when a court permits multitudinous and innumerable prosecutions to be urged for purposes of coercion and embarassment, as in State ex rel. v. Eby, 170 Mo. 1. c. 526, wherein the court said:   'It has, however, been urged by counsel for respondent that inasmuch as relators have a remedy

by appeal, etc., in consequence of this, prohibition cannot be granted. But this is an erroneous view because in a case like this, where relators, if they could not have the relief prayed would be compelled to go to trial in twelve hundred and three cases; then, if defeated, would have to give bond in each case, take an appeal in each case, pay for a transcript in each case, pay a docket fee in each case of $10.00, such fees amounting in the aggregate to twelve thousand and thirty dollars, as well as counsel fees in each court. Consequently, it must be conspicuously obvious that such appeals, although available, would be "inadequate to meet the emergencies of the case, or afford the redress to which the injured party is entitled." [2 Spelling, Inj. and Extr. Rem. (2 Ed.), sec. 1725, and cases cited.]' "

Relator has misinterpreted the language quoted from the Eby case. It is apparent that the court was not there dealing with the question as to the grounds upon which the writ should be issued, but the question whether (one of the necessary grounds existing) the court should deny the writ for the reason that the relator had an adequate remedy by appeal. In the preceding part of the opinion the court had held that the law upon which the prosecution in the trial court was based, was unconstitutional and had been repealed, and the court, l. c. 522, said: "Under the foregoing authorities, does this record present on its face the posture of there being an absolute want of jurisdiction in the lower court to try the one thousand, two hundred and three informations filed against relators in the Pike Circuit Court? That it does, we entertain no doubt." And again, l. c. 526: "Of course if the law is unconstitutional which is made the basis of the proceedings, the case is one where it is obvious on the face of such proceedings that the trial court has no jurisdiction, and prohibition will consequently lie."

Respondents in that case had urged that even if the trial court was without jurisdiction the writ should not be granted for the reason that the trial court had power to pass upon the question of its own jurisdiction; that that was a proper matter of defense and there was an adequate remedy by appeal. Responding to that contention, in the language quoted by the relator, this court held that the remedy by appeal was not adequate and that as the trial court was without jurisdiction, the facts of the case warranted the issuance of the writ. In so holding this court was within the general law, as shown by the foregoing authorities, and as applied to the facts of the case before it.

The case of State ex rel. v. Ross, 122 Mo. 435, is also cited and relied upon to sustain the contention that the writ may properly be granted when want of jurisdiction or excess of jurisdiction is not shown as a basis therefor. In the Ross case it was held that when a circuit court had acquired jursidiction and appointed a receiver in a proceeding pending therein, another court of concurrent jurisdiction would be prohibited by this court from entertaining jurisdiction in a suit subsequently brought for the same purpose. A construction has been placed upon that case as holding that since the court in which the second proceeding was instituted had jurisdiction of the subject-matter and of the person it follows that this court countenanced the issuance of the writ where neither want nor execss of jurisdiction was shown in the court prohibited. An examination of the decision in that case will disclose that this court based its action in issuing the writ upon the ground of want of jurisdiction in the lower court, for, as stated in the syllabus, "Where, in the foregoing action, a receiver has been appointed, the petitioner is entitled to a writ of prohibition against interference by another court and by its receiver appointed without jurisdiction." But the exclusive character of the jurisdiction of the court in which

the receivership action is first brought, and which also shows the ground upon which the writ was issued in the Ross case, supra, has been clearly stated in a recent decision of this court. In the case of State ex rel. v. Reynolds, 209 Mo. l. c. 182, WOODSON, J., voicing the unanimous opinion of this court, said: "Whenever the jurisdiction of a court of competent authority takes jurisdiction of a case that fact must of necessity and in the very nature of things exclude the jurisdiction of all other courts over the same case, as well as all the incidents thereto, excepting only such courts as are given appellate and supervising control over them. The reason for this rule seems to be that when such a court takes jurisdiction of a particular case, with all the incidents thereto, there remains nothing of it to which the jurisdiction of another court can attach—no case, no parties, no subject-matter is left exposed to the authority of the latter court."

In the case before us it appears from the admitted facts that the respondent Tracy, as judge of the police court, possessed not only jurisdiction, but exclusive jurisdiction, of the prosecutions pending and threatened against relator in that court. There is no fact alleged tending to show the exercise or threatened exercise of jurisdiction in excess of his judicial power and authority, or that he has assumed or is about to assume any power other than that conferred upon him by the charter of the city and required of him by his oath of office. While so acting in the line of his duty and within the scope of his judicial power as prescribed by the charter, it cannot be maintained, in the light of the authorities heretofore cited, that he should be restrained and prohibited by the extraordinary writ of prohibition which issues only to prevent the usurpation of judicial power. The prosecutions complained of by relator may be vexatious because of their multiplicity, but it is not alleged that respondent, as judge of said police court, is in any manner

responsible for the number of cases so instutited by the prosecuting officers of the city or that he has any authority to prevent the filing of such cases. If the police court was possessed of jurisdiction to hear and determine one of said prosecutions against relator, it could not be guilty of an abuse of judicial power or excess of jurisdiction solely because it entertained jurisdiction of a larger number. And it does not appear what respondent as such judge could have done in the premises other than what he has done, to have avoided being visited by the extraordinary writ of this court.

In the earlier part of this opinion it is suggested that if relator is entitled to relief against the respondent, as judge of the police court, it must be because he has taken or is about to take some action which would be in violation of relator's rights. And the wrong which would warrant the issuance of this writ can be only such a wrong or fault as amounts to usurpation of judicial power. In the case of State ex rel. v. Stobie, 194 Mo. 14, it was contended that the prosecution pending before the justice of the peace against whom the writ was asked, was instituted in bad faith by the prosecuting witness and that the writ should be issued to prohibit the respondent justice of the peace from entertaining further jurisdiction in the cause. Answering that contention, this court, l. c. 62, said: "It is immaterial, so far as conferring jurisdiction upon the justice, what the objects and purposes of the prosecution were. William Mathews was the complainant in said cause before the justice and filed the charge against the relators and must be treated, so far as the disclosures of the petition are concerned, as the prosecuting witness; hence, the allegations upon which this contention is predicated are directed solely to the respondent Mathews. He made the charge and the petition avers the improper object and purpose in making it. The said allegations apply to the prosecutions

of the charge, and Mathews is the complainant and prosecuting witness; hence those allegations are exclusively directed to Mathews. There is an entire absence of any charge in the petition that the justice of the peace acquired and assumed jurisdiction of said cause for the objects and purposes attributed to Mathews in making the charge, and in his prosecution of it, or that the judge had any knowledge of such objects and purposes. The objects and purposes of Mathews or any one else in making a charge and prosecuting it against relators for the commission of a misdemeanor, absolutely have nothing to do with the jurisdiction acquired by the justice, and can in no way affect such jurisdiction. Even though the justice entertained the purposes attributed to Mathews, while it would be reprehensible in him as an officer, and would furnish a sufficient reason to the relators to invoke the aid of the provisions of the statute providing for changes of venue, it does not go to the jurisdiction of the justice and furnish a basis for the issuance of the writ of prohibition."

After a full and careful consideration of this cause, we are convinced that this court would not be warranted in issuing its extraordinary writ of prohibition against the respondents, and we hold that the preliminary rule should be quashed and the writ denied. It is so ordered. All concur except *Graves* and *Lamm, JJ.*, who dissent.