MILFORD SCHOOL DISTRICT,
Complainant,

v.

Donald P. WHITELEY, Secretary of Labor, State of Delaware, and Council
81, AFSCME, Respondents.

Superior Court of Delaware,
Sussex County.

Heard March 6, 1979.

Decided March 26, 1979.

James D. Griffin, Georgetown, for Milford School Dist., complainant.

Gary A. Bryde, Deputy Atty. Gen., Wilmington, for Donald P. Whiteley, Secretary of Labor.

Harvey B. Rubenstein, Wilmington, for Council 81, AFSCME.

STIFTEL, President Judge.

Milford School District (the "District") filed a complaint seeking a writ of prohibition against Donald P. Whiteley, the Secretary of Labor (the "Secretary"). The Secretary now moves to dismiss the complaint for failure to state a claim upon which such a writ can issue. Additionally, Delaware Public Employees Council 81, AFSCME, AFL–CIO ("Council 81") moves to intervene as a party respondent and has likewise filed a motion to dismiss.

Council 81, AFSCME was an active party before the Department of Labor and its intervention will not delay or prejudice the adjudication of the rights of the parties. Council 81 is hereby permitted to intervene in this action as a respondent and the caption is amended to name Council 81, AFSCME as a party respondent.

The factual backdrop to this procedural question centers around the Secretary's determination of the appropriate bargaining unit for the District's custodial staff. Council 81 had petitioned the Department of Labor under 19 *Del.C.*, Ch. 13, to establish a bargaining unit and hold an election for exclusive bargaining representative. The requested unit included the positions of custodian, custodian fireman, chief custodian I and II and night supervisor.

The Governor's Council on Labor, following a hearing, recommended to the Secretary that the bargaining unit include only the position of custodian, excluding all others. The Secretary's Decision on Case No. 203, dated December 28, 1978, rejected that recommendation and established the bargaining unit as petitioned by Council 81.

Subsequently, in connection with the District's complaint, a Superior Court Order, dated January 26, 1979, was issued which has stayed any further proceedings in this action until the present time. The Secre-

tary and Council 81 move that this Order be vacated and the District's complaint seeking a writ of prohibition be dismissed.

The Secretary's and Council 81's motions are granted.

## I.

■ No statutory right of appeal from the Secretary's determination of the appropriate bargaining unit is available to the District. The District contends that this factor alone justifies the issuance of a writ of prohibition.

■ While the inadequacy of other remedies is a prerequisite to a writ of prohibition, that factor does not automatically trigger its issuance. Rather, a two-pronged standard applies which focuses on the exercise of jurisdiction by the lower tribunal as well as on the inadequacy of remedies.

■ The conjunctive nature of this standard was reflected in *Family Court v. Department of Labor and Industrial Relations,* Del.Ch., 320 A.2d 777, 781 (1974), in which the Court held that the right to a writ of prohibition existed in that particular case because "the petitioner has asserted that the respondent is acting in excess of its jurisdictional power *and* because the petitioner has no remedy at law either by way of appeal or by any other legal remedy." (Emphasis added).

In sum, the extraordinary writ of prohibition is only appropriate in cases of usurpation or abuse of jurisdiction by a lower tribunal and even then only if other existing remedies are inadequate to afford relief. High, *Extraordinary Legal Remedies,* 553–554.

## II.

The critical issue in the instant case is whether the Secretary either usurped or abused his jurisdictional authority in establishing the bargaining unit for the District's custodial employees.

## A.

■ The District's complaint alleges that the Secretary exceeded his statutory authority. Examination of the relevant statutory language indicates that this is clearly not the case. As provided in 29 *Del.C.* § 8514(d):

" . . . The Governor's Council on Labor shall, after hearing upon reasonable notice, *recommend* to the Secretary the unit appropriate for the purpose of collective bargaining, as provided in Chapter 13 of Title 19. The Secretary, in each case, *shall determine* the unit appropriate for the purpose of collective bargaining, as provided in § 8501 of this title." (Emphasis added).

In the Secretary's determination of the appropriate unit, there is absolutely no requirement that he follow the recommendation of the Governor's Council on Labor.

■■ The writ of prohibition is primarily designed to "prevent unwarranted assumption of power over persons or matters not within the legitimate cognizance of the inferior tribunal." *Canaday v. Superior Court,* Del.Supr., 49 Del. 456, 116 A.2d 678, 681 (1955). The Secretary did not engage in an unwarranted assumption of power over this matter which is explicitly entrusted to him by statute. He, therefore, did not usurp jurisdictional authority.

## B.

■ The District also charges that the manner in which the Secretary exercised his jurisdiction constitutes an abuse of authority. Specifically, the complaint alleges that the Secretary's decision was arbitrary and capricious and not supported by the weight of the evidence. It requests the Court to review the hearing record and issue an Order that the Secretary abused his discretion.

Such language appears to be actually requesting a review on the merits. However, "a decision on the merits of the charges is beyond the permissible scope of prohibition . . . ". *Matushefske v. Herlihy,* Del. Supr., 214 A.2d 883, 885 (1965). This principle is elaborated upon in High, *Extraordinary Legal Remedies,* 557, as follows:

". . . The writ [of prohibition] is never granted for appellate purposes, nor to review the proceedings of a subordinate court." Furthermore, ". . . the writ [of prohibition] is never allowed to usurp the functions of a writ of error or certiorari, and can never be employed as a process for the correction of errors of inferior tribunals . . . In the application of the principle, it matters not whether the court below has decided correctly or erroneously; its jurisdiction being conceded, prohibition will not go to prevent an erroneous exercise of that jurisdiction."

See, also, *Knight v. Haley*, Del.Super., 176 A. 461, 465 (1934).

▮▮▮ With regard to the abuse of discretion claim, "if a court is entitled to an exercise of discretion in the matter before it, a writ of prohibition cannot prevent or control such exercise in any manner within the jurisdiction of the court." 63 *Am. Jur.2d*, "Prohibition", § 31 at 261. Certainly the Secretary is entitled to an exercise of discretion in determining which categories of workers will be grouped together in a bargaining unit. A writ of prohibition, therefore, cannot be resorted to as a vehicle for expressing disagreement with the Secretary's exercise of discretion in this case.

▮▮▮ Finally, at oral argument, the District focused heavily on a jurisdictional principle addressed in *Steigler v. Superior Court,* Del.Supr., 252 A.2d 300 (1969). That is, that "a writ of prohibition may lie where the lower court has lost jurisdiction to enter the order in question, by reason of violation of defendant's fundamental constitutional rights, provided that there is no other adequate legal remedy". *Ibid,* at 303.

The District contends that due to "extreme irregularities" in the proceedings, which violated the School District's due process rights, the Secretary of Labor's decision has been stripped of its jurisdictional underpinnings. The "extreme irregularity" alleged is that the Secretary "totally ignored" the evidence gathered at the Council on Labor's hearing.

A reading of the Secretary's decision indicates that this charge is unwarranted. The opinion discusses the evidence to a significant degree in substantiating its reasons for including the supervisory personnel in the bargaining unit, contrary to the Council's recommendation.

▮▮▮ It would appear that, rather than the manner in which the Secretary's decision was made, it is the decision itself which the District faults. As noted previously, however, the writ of prohibition was never intended to provide a review on the merits of a lower tribunal's decision. It will not be relied upon in this case to review the Secretary of Labor's determination of the appropriate bargaining unit.

The Secretary of Labor's and Council 81's motions to dismiss the District's complaint seeking a writ of prohibition is granted. Likewise, the Order of this Court dated January 26, 1979, which stayed all proceedings is vacated.

SO ORDERED.