**Daniel J. PAOLINO, III, Petitioner,**

v.

**INDUSTRIAL ACCIDENT BOARD;**
**Battaglia Electric, Inc.,**
**Respondents.**

**C.A. No. 96M–08–003–WTQ.**

Superior Court of Delaware,
New Castle County.

Argued: Feb. 20, 1997.
Decided: April 23, 1997.

See 703 A.2d 644.

---

Harvey Bernard Rubenstein, Wilmington, for Daniel J. Paolino, III.

Sherry V. Hoffman, State of Delaware Department of Justice, for the Industrial Accident Board.

Jeffrey M. Austin, H. Garrett Baker, Elzufon & Austin, Wilmington, for Battaglia Electric, Inc.

QUILLEN, Judge.

This is a Petition for a Writ of Prohibition. The Superior Court has jurisdiction "of all causes of a civil nature, real, personal and mixed, at common law. . . ." DEL. CONST. ART. IV, § 17. "The Superior Court may frame and issue all remedial writs. . . ." 10 Del.C. § 562; 1 WOLLEY ON DELAWARE PRACTICE § 17. Thus, the jurisdiction of the Superior Court in this regard is both Constitutional and statutory. "The writ is of very ancient origin and originally issued out of the Court of King's Bench of England . . . to keep particular courts within the limits of their particular jurisdiction." *Fouracre v. White*, Del.Super., 102 A. 186, 191 (1917). "[I]n this [S]tate the power to issue the writ of prohibition is not confined to inferior courts" but may extend to administrative agencies exercising quasi-judicial power. *Id.* The 1897 constitutional grant of original jurisdiction to the Supreme Court to issue writs of prohibition to particular courts, now contained in the Constitution at Article IV, § 11(6), "has nothing to do with the common-law power and jurisdiction of the Superior Court, which possesses the powers of the Courts of King's Bench, Common Pleas, and Exchequer of England." *Id.*

It is interesting to note that, at the time of the *Fouracre* decision, 1917, the Court could only find one instance where a writ of prohibition had issued in this State. *Id.* at 190, citing *Clendaniel v. Conrad*, Del.Super., 83 A. 1036 (1912). But a current LEXIS search of the phrase "writ of prohibition" will bring to the fore some 161 notations since 1946. The increasing consideration leads one to question whether the extraordinary writ is perhaps being overused and misused. The history and current use of the writ in Delaware would be an interesting treatise, at least for those of us who sometimes long for a more simple past.

The facts upon which the petitioner relies were succinctly stated in the opening brief, which is heavily relied upon in the next five paragraphs.

The respondent Battaglia Electric, Inc. (hereinafter "respondent") filed a petition before the Industrial Accident Board (hereinafter "Board") to terminate the total disability benefits of petitioner Daniel J. Paolino, III (hereinafter "Mr. Paolino"). Mr. Paolino had been injured at work and had been receiving weekly total disability benefits pursuant to his compensation agreement with the respondent. Since there was an agreement, Mr. Paolino had never filed a claim on the regular form provided by the Board.

While the Petition to Terminate was pending, the respondent by letter of January 5, 1996 directed what amounted to written in-

terrogatories to Mr. Paolino, to which Mr. Paolino objected. The Board, after a Legal Hearing, ordered Mr. Paolino to answer three specific questions which were verbatim three of the questions which a claimant must answer on the form supplied by the Board when a claimant files a claim. Mr. Paolino then filed the Petition for a Writ of Prohibition in the Superior Court against the Board and the respondent which gives rise to this opinion. The questions the Board directed to be answered were not precisely the interrogatories propounded, but covered much of the same subject matter.

The Board directed Mr. Paolino to answer the following questions from its own form:

12. Give names and addresses of all employers for the past 5 years.

15. State names and addresses of all other treating doctors for the last 10 years.

22. Give description and dates of all previous and subsequent injuries and identify all.

In its decision, the Board conceded "that the parties may not propound interrogatories" but ordered Mr. Paolino "to answer questions 12, 15, and 22 of the Board's form 'Statement of Facts Upon Failure to Reach an Agreement.'" On the form are twenty-three questions which employees are asked to answer when a carrier denies a claim and the employee is required to file a petition for benefits. The three questions which the Board directed Mr. Paolino to answer constitute just three of those questions.[1]

The Board reasoned that since Mr. Paolino would have been required to answer the questions on the form to be used by him if he had filed a claim (entitled "Petition to Determine Compensation Due to Injured Employee"), Mr. Paolino should answer three of the same questions even though they arose out of the respondent's Petition to Terminate. The form for that termination petition, a form for

use by employers, does not require employers to answer questions.

After the Legal Hearing on March 7, 1996, the Board mailed its Order on April 10, 1996 and further denied Mr. Paolino's Motion for Reargument by a decision mailed on July 24, 1996. The precise language of the decision is contained in the first order:

The Board has considered the arguments and law cited by counsel in conjunction with the Board rules and the Administrative Procedures Act (APA). While the Board agrees that the parties may not propound interrogatories, 29 *Del. C.* § 10125(b)(5) provides that the Board may "cause interrogatories to issue" ... [.] The Board has created a form referred to as "Statement of Facts upon Failure to Reach an Agreement" setting forth twenty-three (23) questions. Additionally, Rule 5 provides that the Board may in its discretion require "a clear and better statement of any cause of action or defense, or further and better particulars of any matter stated or required"[2]

The Board, in my judgment, has power to cause these three particular questions to be answered. Even if the Administrative Procedures Act is deemed as only enabling (29 *Del. C.* § 10125(b)(5) says the agency "may be empowered to ... cause interrogatories to issue"), the Board has clear power to make rules of procedure (19 *Del. C.* § 2121(a); 29 *Del. C.* §§ 10111 and 10113) and Board Rule 5(B), as quoted in the Order, certainly covers the *basic* information requested in *these* questions.

The current Petition to Terminate led to an IME by Dr. Case on November 8, 1995, which gave rise to discovery of a prior examination by Dr. Case on May 24, 1991, which disclosed previously existing permanent injuries to the lumbar spine and right lower extremity.[3] That finding further gave rise to

---

**1.** Question 14 reads: "State names and addresses of all treating doctors for this claim." It Is not clear whether the Board intended question 14 to be answered as well, but, for the purposes of this opinion, it does not matter and that issue, if existing, can be treated by the Board.

**2.** In particular, Rule 5(B) states: "A clear and better statement of any cause of action or de-

fence, or further and better particulars of any matter stated or required, may be ordered at the discretion of the Board."

**3.** Dr. Case's first name does not seem to appear in the record but I assume the reference is to Jerry I. Case, an orthopedic surgeon.

a current opinion by Dr. Case that claimant in the current case has suffered a recurrence of his pre-existing symptoms. The Board had this complete context before it when it ordered "further [and] better particulars of [a] motion *required*" in the dispute between the parties in the form of a verified answer to standard questions required of every petitioning claimant. *See* 19 *Del. C.* § 2121(c) and Rule 5(A) of the Industrial Accident Board.[4] The Board made it clear it was acting in its own discretion and was not recognizing a general power of the employer to propound interrogatories. Thus, the alleged defect challenged really did not even occur. It was a particular decision by the Board in a particular context after a full "legal hearing." It strikes me as the very essence of discretion, properly exercised.

For some reason, the parties to this appeal do not seem to brief the effect of Rule 5(B) notwithstanding the clear reliance by the Board on its particular language in the decision below. I assume each side has its own agenda and neither includes Rule 5(B). I assume it would be argued that Rule 5(B) was only intended to relate to matters in the nature of pleadings, but the word "required" is expansive in this context and, in my opinion, clearly encompasses what was done in this case, requiring a claimant on a Petition to Terminate to answer questions routinely asked of claimants on petitions. Indeed, in Industrial Accident Board practice, such questions are in the nature of required particularity pleadings. The only information required by these standard form questions of the Industrial Accident Board is: the names and addresses of all employers for the past 5 years, the names and addresses of all other treating doctors for the last 10 years, and a description and dates of all previous and subsequent injuries. It is obvious that this basic information is necessary in most cases and it seems wise to get it on the table prior to the evidentiary hearing. For failure to meet this minuscule burden, this case has been pending in this Court for nine months on a Petition for Writ of Prohibition, purportedly to protect the system from being encumbered with costly procedures that inter-

fere with swift adjudication of claims. That pendency is a time delay injustice in itself. Something seems out of whack and perhaps it is the fault of the Court for taking such Petitions for Writs of Prohibition too seriously. In any event, on the basis of Rule 5(B) alone, I would agree with the decision below.

Two other matters need to be commented upon briefly. Notwithstanding my deep respect for the legal learning and wisdom of Judge Taylor, I decline to follow *Lind v. Industrial Accident Board,* Del.Super., 78M–DE–5, Taylor, J. (Feb. 8, 1979) *on the matters raised in this case.* I note Judge Taylor was apparently unaware of the provisions of the Administrative Procedures Act, which at least provide a changed context for the questions directed to be answered. He also did not appear to consider the potential of Rule 5(B) in this context. I also note that Judge Taylor's opinion does not state what the interrogatories were in that case, but presumably they went beyond the questions here, questions the Board customarily asks in another context. The *Lind* case involved a petitioner pursuing a claim before the Board, presumably on the basis of a written filed form supplied by and returned to the Board, including answers to specified questions, possibly including answers to the very three questions involved in this case. We all know that the factual equities of a given case can influence the legal result. In short, the *Lind* case seems to be distinguishable and I decline to follow it *here.*

The petitioner also raises due process concerns under the State and federal Constitutions. This seems to be based on the argument that the employer is getting the advantage of discovery procedures that are denied the employee. This claim ignores the ruling of the Board. The Board acted as a matter of Board discretion and did not create, and indeed expressly denied, the right of any party to propound interrogatories. The Board acted in a judicial matter after hearing both sides at a formal legal hearing on a full and fair record. There was no violation of due process.

---

4. Rule 5(A) states: "In all cases where forms are provided by the Board, all papers filed with the Board shall be on such forms, and all applicable questions shall be answered."

Having expressed concerns about Prohibition above, I would perhaps be remiss not to pursue those sentiments in some formal fashion. The Writ of Prohibition originated as an extraordinary common law writ, narrow in scope, not available where there are other legal remedies. It seems to me there should be little or no discretion when a lower tribunal is acting with no jurisdiction over the subject matter.[5] *See Family Court v. Dept. of Labor and Indus. Relations,* Del. Ch., 320 A.2d 777, 780–81 (1974), an opinion of interest generally on the subject of Prohibition. But it seems to me also that the Writ should be used sparingly when the lower tribunal is acting incorrectly within its jurisdiction and it should be within this Court's discretionary power to act, sometimes summarily, to deny the Petition if there is an adequate remedy by appeal or no significant injustice. *See* 2 WOOLEY ON DELAWARE PRACTICE, Ch. XLV, *et seq.* (1906) (discussing mandamus). I therefore take pains to point out that there is within our law authority to the effect that issuance of a writ is sometimes discretionary. Perhaps the most learned discussion appears, as it frequently does, from the days of Chief Justice Layton and Judge Rodney, in *Knight v. Haley:*

> As the writ of prohibition is an extraordinary writ, *not issuable generally as of right, but under the rules peculiar to the remedy, and not in every case in which the inferior tribunal acts without, or in excess of, its jurisdiction,* something needs to be said with respect to the general law of the subject, especially in the light of the respondent's contention that the writ ought not to issue.
>
> A writ of prohibition is a writ to prevent the exercise by a tribunal, possessing judicial powers, of jurisdiction over matters not within its cognizance, or exceeding its jurisdiction in matters of which it has cognizance. 22 R.C.L. 2; and in *Clendaniel v. Conrad,* 3 Boyce (26 Del.) 549, 83 A. 1036, Ann. Cas. 1915B, 968, it is said that the sole purpose of the writ is to keep an inferior court within the limits of its jurisdiction. While *the writ should be used*

*with caution and only in cases of great necessity, and not in doubtful cases,* yet narrow, technical rules should not govern its use; nor should the scope of the remedy be abridged, as it is better to prevent the exercise of unauthorized power than to be driven to the correction of error after it has been committed. 22 R.C. L. 5. *It is a discretionary writ in the sense that it will not issue where the facts do not appear to justify the resort to such remedy, as where there is another adequate remedy available, or where the question of jurisdiction is doubtful;* but where it is clear that the court whose action is sought to be prohibited has no jurisdiction of a cause originally, or in some collateral matter arising therein, a party who has objected seasonably to the jurisdiction and has *no other remedy* is entitled to the writ as a matter of right. *In re Rice,* 155 U.S. 396, 15 S.Ct. 149, 39 L.Ed. 198. *The judicial wrong or fault necessitating the writ does not mean an infraction of personal rights only but rather an offending by the court by the assumption of unauthorized power. State v. Tracy,* 237 Mo. 109, 140 S.W. 888, 37 L.R.A (N.S.) 448. Whether there is another available adequate remedy must be determined by the facts of each case. There is no general rule or test to be applied. However, when an infringement of property rights is incidental to the action of the court and no adequate remedy by appeal, or otherwise, is available, the writ of prohibition *may* issue. 22 R.C. L. 11. Where the inferior court has jurisdiction of the person and subject matter, prohibition *does not lie to prevent an erroneous decision,* 50 C.J. 678; nor can it be assumed that any tribunal will act in a matter over which it has no jurisdiction, and until it does some act, as, when, upon challenge to its jurisdiction having been made, it overrules the objection, or otherwise expressly or by necessary implication announces its purpose to proceed, prohibition will not lie. 22 R.C.L. 29.

---

5. Jurisdiction is "the right and authority to hear, determine and decide." *Knight v. Haley,* Del.Super., 176 A. 461, 464 (1934). The question of jurisdiction over the person may have more wrinkles with regard to the exercise of Prohibition.

Del.Super., 176 A. 461, 464–65 (1934) (admittedly selective emphasis added); *See also Harris v. Municipal Court of Wilmington*, Del.Supr., 256 A.2d 674, 675 (1969) (discretion on question of adequacy of remedy by appeal): *In Re Brookview Assocs.*, Del.Super., 506 A.2d 569 (1986).

Beyond the obvious no jurisdiction case, issuance of prohibition is largely influenced by equitable principles and it should not issue for trivial causes. 73 C.J.S., *Prohibition*, § 11. It seems to me the request here is trivial; even if it had some technical merit, it is so *de minimis* that the facts here do not justify resort to the remedy. After all, we all suffer some inconvenience as the price of living. But *de minimis non curat lex. Read v. Carpenter*, Del.Super., C.A. No. 95C–03–171, Quillen, J. 1995 WL 945544 (June 8, 1995) letter op. at 7 n. 3; *Taylor v. Barwick*, Del.Super., C.A. No. 93C–02–010–WTQ, Quillen, J., 1997 WL 527970 (Jan. 10, 1997) letter op. at 6.

Perhaps the case most close to the present case is *Milford School District v. Whiteley*, Del.Super., 401 A.2d 951 (1979), wherein Judge Stiftel granted a motion to dismiss in an action questioning a decision of the Secretary of Labor. Prohibition was summarily denied even though the statute provided no appeal from the Secretary's decision. Judge Stiftel said the remedy was unavailable "as a vehicle for expressing disagreement with the secretary's exercise of discretion in this case." *Id.* at 954.

█ I would hope the bench and bar would make an effort to keep prohibition within reasonable parameters. "It is designed primarily to keep the administration of justice in orderly channels, and to prevent unwarranted assumption of power over persons or matters not within the legitimate cognizance of the inferior tribunal." *Canaday v. Superior Court*, Del.Super., 116 A.2d 678, 681 (1955).[6] Beyond that prime purpose, discretion in favor of the writ should be sparingly exercised and particularly so when the decision below was discretionary *or* where the decision below is not of significant consequence. Both factors are present here and either, in my judgment, justifies denial of the peremptory writ in this case.

The Petition for a Writ of Prohibition is DENIED. IT IS SO ORDERED.[7]

---

**6.** The *Canaday* case also stands for the proposition that use of prohibition to challenge jurisdiction of the person depends on the adequacy of appeal rights, both final and interlocutory. *Id.* at 683.

**7.** I note that the petitioner's reply brief submits evidence indicating that Mr. Paolino, as part of his initial reporting of the current accident, indicated orally to a Vice President of Concord Agency, Inc., presumably an insurance agency for the employer, that he had a previous back injury in 1989. The significance of this information is for the Board.