ALBERT PRATT & *al. versus* EBENEZER D. ROBERTS.

By c. 164, of the Public Laws of 1860, a trial justice has no authority to strike off, on a subsequent day, a nonsuit entered by him on the day to which an action returnable before him had been duly continued.

Sections 9 and 10, of said chapter, authorizing a magistrate to "strike off a nonsuit or default and revive an action," refer to a "nonsuit or default" entered at "the time set in the writ for the trial," and not to a disposition of the cause in either mode at some subsequent day to which it had been continued.

ON EXCEPTIONS to the rulings of CUTTING, J.

This action was returnable April 1, 1865, before a trial justice in and for the county of Penobscot. The action was duly continued to Saturday, May 6, 1865, at 9 o'clock A. M., when the justice, on motion of defendant's counsel, entered a nonsuit, the plaintiffs not appearing except by counsel.

On the following Monday, the justice, on motion of the plaintiffs, struck off the nonsuit, upon terms, and continued the action to May 27, 1865, at 10 o'clock A. M., for trial, of which the defendant was notified by the justice.

On the 27th day of May, the parties appeared; when the defendant's counsel filed a written protest against the justice's assuming jurisdiction over the action after the nonsuit; but said justice overruled the objection, and required the defendant to plead to the action, and, after trial, entered judgment against the defendant; from which judgment the defendant appealed, and duly entered his appeal at the Oct. term, 1865; and, on the second day of said term, filed a motion to dismiss the action for want of jurisdiction in the Court below.

The presiding Judge sustained the motion, and the plaintiffs excepted.

*Whitney*, for plaintiffs, contended, —

That the "twenty-four hours after judgment on nonsuit or default," mentioned in c. 164, § 10, of Pub. Laws of 1860, did not necessarily refer to the twenty-four hours next after

"the time set in the writ for the trial;" and cited Pub. Laws of 1834, c. 623; *Spencer* v. *Perry*, 17 Maine, 413; R. S., 1841, c. 116, § 14; *Tyler* v. *Reed*, 31 Maine, 336.

*D. D. Stewart, contra,* cited, —

*Wiest* v. *Critsinger*, 4 Johns., 117; *Green* v. *Angell*, 13 Johns., 469; *Bigelow* v. *Stearns*, 19 Johns., 42; *Smith* v. *Perry*, 17 Maine, 413; *Martin* v. *Fales*, 18 Maine, 23; *Call* v. *Mitchell*, 39 Maine, 465; *State* v. *Hall*, 49 Maine, 412; *Blanchard* v. *Walker*, 4 Cush., 455.

APPLETON, C. J.— The writ in this case was returnable on the first day of April, 1865, at which time the plaintiffs and defendant respectively appeared by their counsel, and the cause was then continued to May 6th, 1865. At the day of adjournment, the parties were again present by their counsel and a nonsuit was entered. On the Monday following, the magistrate before whom the case was triable, claiming the right to revive the action, attempted so to do.

A justice of the peace has no right, except by the provisions of some statute conferring the authority, to set aside a nonsuit or default on a day subsequent to that on which the entry was made.

By the Act of March 7, 1860, c. 16, §§ 9 and 10, it is provided that "one hour from the time set in a writ for the trial of a civil action is allowed to the parties to appear; at the expiration of which time, judgment may be entered by such trial justice, on nonsuit or default, against the party who shall not appear."

§ 10. "Within twenty-four hours after judgment, on nonsuit or default, as provided in the preceding section, the trial justice rendering such judgment may, in his discretion, on motion of either party, strike off such nonsuit or default and *revive* the action on such terms as he may judge reasonable."

These provisions manifestly refer to a nonsuit or default at "the time set in a writ for the trial of a civil cause." They do not refer to a disposition of a cause in either mode

at some subsequent adjournment. They relate only to the possible failure of justice by the non-appearance of the party nonsuited or defaulted at the return day of the writ.

The parties having been present on the return day of the writ and the action having been nonsuited at the day to which it was continued, the jurisdiction of the magistrate was at an end, except to carry into effect the judgment rendered. The statute relied upon gave no authority for further judicial action. *Exceptions overruled.*

CUTTING, KENT, DICKERSON, BARROWS and TAPLEY, JJ., concurred.