PETITION FOR A RULE TO SHOW CAUSE WHY WILLIAM H. THORNE, a Justice of the Peace, in and for Sussex County and State of Delaware, SHOULD NOT BE ATTACHED FOR CONTEMPT OF COURT.

JUSTICES OF THE PEACE—CRIMINAL JURISDICTION—STATUTES.

Under *Rev. Code*, §§ 3957, 3959, 3960, providing that a justice of the peace may punish by fine, not exceeding ten dollars, assaults and batteries, where the defendant shall in writing submit to his decision, etc., that he shall in no case receive a fine imposed by him, but shall charge a constable present and enter the constable's name on the docket, etc., and that no justice of the peace may collect costs under any pretense for binding over appearance, to the Court of General Sessions, or to keep the peace, or in any other criminal case, etc., where respondent justice fined one J. for assault and battery without his written submission to the decision, taxed him with costs, and received such costs and fine, immediately turning them over to the constable,

and where such justice bound the said J. over for his appearance at the next Court of General Sessions, and to keep the peace, and required of him a further sum as the costs of said bond, such action on the part of the justice was denounced by statute, and under *Rev. St. of* 1915, § 3726, providing that the justices of the Superior Court or any two of them shall have full power to punish the contempts and defaults of justices of the peace within the state, such justice was fineable and taxable in costs.

(*February* 18, 1915.)

Judges CONRAD and HEISEL sitting.
*Frank M. Jones* for the rule.
*Woodburn Martin contra.*
Superior Court, Sussex County, February Term, 1915.

Contempt proceedings against William H. Thorne, Justice of the Peace. Rule made absolute.

PETITION FOR RULE (No. 3, February Term, 1915) to show cause why William H. Thorne, a justice of the peace in and for Sussex County, should not be attached for contempt, for certain omissions, neglects and defaults, the character of which are stated in the opinion of the court.

HEISEL, J., delivering the opinion of the court.

This proceeding is based upon *section* 3726 of the *Revised Code of* 1915, which provides that the judges of this court or any two of them—

"shall have full power and authority to examine, correct and punish the contempts, omissions, neglects, favors, corruptions and defaults of all justices of the peace, sheriffs, coroners, clerks and other officers, within this state."

The petition alleges that William H. Thorne, a justice of the peace in and for the County of Sussex, on the twelfth day of January, 1915, upon proper application, issued a warrant for the arrest of Noah H. James, charging the said James with assault and battery; that on the same day the said James was arrested and taken before Thorne for hearing upon the said warrant; that Thorne proceeded with the hearing, and imposed a fine of two dollars and fifty cents, and costs amounting to three dollars and seventy cents, upon the said James, without the said James

having in writing submitted to his decision, as by the statute required; that upon the imposition of said fine and costs the said Thorne did not charge the constable present with the said defendant James, as by the law required, but demanded and received from the defendant the full amount of said fine and costs.

The petition further alleges that immediately after the hearing on the warrant, the said Thorne bound James over for his appearance at the next Court of General Sessions and to keep the peace, and required James to pay to him a further sum of one dollar and fifty-five cents as the costs of said bond.

At the hearing on the rule, it was admitted by Thorne, that he did impose the fine and costs after the hearing upon the warrant, in the assault and battery case without James having submitted in writing to his decision, but stated, that while he knew the law applicable to the case before him, he failed to comply with it, because he understood, from the record of two or three cases he saw in the docket of his predecessor in office, it was not always done.

He denied that the fine and costs in the assault and battery case, or the costs of the bond for James' appearance and to keep the peace, were received by him.

The evidence showed that the fine and the costs in both cases were paid by James placing the money upon the desk or table behind which Thorne was, at the time, sitting, and that Thorne gave his personal receipt to James for the full amount of the fine and costs in both cases. That the constable was in the room at the time and that the sum so received by Thorne less Thorne's own costs, was immediately turned over to the constable.

The law of this state relative to the questions under consideration is found in *sections* 3957, 3959 and 3960 of the *Revised Code of* 1915.

*Section* 3957 provides that:

"Every justice of the peace may punish by fine, not exceeding ten dollars, all assaults and batteries, and other breaches of the peace punishable by any law of the state, when the offense is not of a high or aggravated nature, Provided, that the defendant shall, in writing, submit to this decision; and

22

provided also, that after hearing, he shall consider that the case ought not to be submitted to a higher jurisdiction; otherwise he shall commit, or bind, the defendant for his appearance at the proper court to answer the charge, and shall also bind the witnesses for their appearance and may require surety of them if necessary. He may also punish, by such fine, any offense against an authorized ordinance of any city or town."

### Section 3959 provides that:

" He shall, in no case, receive a fine, or costs, imposed by him; but upon imposing any fine, he shall charge a constable present with the defendant, and enter the constable's name on his docket, and if the fine and costs be not paid, the constable shall convey said defendant to jail, for which a copy of the judgment shall be a sufficient warrant."

### Section 3960 provides that:

"It shall not be lawful for any justice of the peace or constable to collect costs, under any pretense, from complainants or defendants for binding over appearance at the Court of General Sessions, or to keep the peace, nor in any other criminal case, except expressly provided for by statute; nor shall any justice of the peace or constable act as a collecting agent for any person for any sum whatsoever, for the collection of which legal proceedings shall have been instituted.   *   *   *  "

It seems impossible that any one reading these sections should not understand their clearly expressed meaning.

Justices of the peace ought to know that they have no powers, or jurisdiction, excepting such as are conferred upon them by statute, and that those conferred by statute, can be exercised only in the manner, and as provided by statute.

They have but to consult the statute, and to proceed according to the manner herein clearly set forth, in order to perform their official duties properly, and with satisfaction to the several communities in which they reside.

They can neither assume powers not conferred by statute, nor can they exercise those conferred by statute in an unlawful way, excepting at their peril.

They should understand that the law is made to be obeyed by the magistrate, as well as by other citizens, and that because one magistrate may have failed to follow the law, is no excuse, or reason, for another to do likewise.

Thorne's violation of *section* 3960 probably grew out of the notion he had, that while the law clearly stated a positive duty

on his part, nevertheless, he might disregard that duty, because he understood some one else had previously done so.

The violation of *section* 3959, as shown by the evidence, may have been more technical than real; while the violation of *section* 3960 grew out of his failure to consult the statute.

As we have before said, none of these reasons are sufficient to excuse Thorne for his conduct in the case in question, and we therefore make the rule absolute.

In fixing the punishment in this case, we feel that there are some circumstances that constrain us to make it less than we otherwise would, but we want to impress upon the respondent in this rule, and the justices of the peace of the state generally, that they are a part of the judicial branch of the government of this state, and that, as such, they should inform themselves of the law pertaining to the administration of their office, and follow it strictly.

We impose a fine of fifteen dollars and the costs of these proceedings.