WILLIAM D. HOWELL, d. b. a., *vs.* ROBERT WOOD, p. b. r.

1.  JUSTICES OF THE PEACE—APPEAL FROM JUSTICE COURT—JURISDICTION.

If justice of the peace had no jurisdiction of action of trespass, plaintiff would not be entitled to recover in such action on appeal to Superior Court.

2.  JUSTICES OF THE PEACE—TRESPASS FOR "DIRECT INJURIES" TO PERSONALTY—"CONSEQUENTIAL INJURIES"—JURISDICTION.

. Under *Rev. Code* 1915, § 4062, providing that justices of the peace shall have jurisdiction of actions of trespass for direct and immediate injuries in destroying and damaging goods or chattels, a justice of the peace has no

jurisdiction of an action of trespass against defendant for damages to an automobile from a collision with defendant's automobile, which was at time of accident under immediate control of defendant's son, without presence, direction, or authorization of defendant; the injuries not being direct and immediate but consequential.

(*December* 4, 1916.)

RICE, J., sitting.
*P. Warren Green* for plaintiff below.
*Walter J. Willis* for defendant below.
Superior Court, New Castle County, November Term, 1916.

SUMS. SUR APPEAL, No. 72, November Term, 1915.

Action of Tresspass before a justice of the peace by Robert Wood against William D. Howell. Judgment for plaintiff, and defendant appeals. Directed verdict for defendant.

Appeal by the defendant below from the judgment of the justice of the peace in favor of the plaintiff below, in the action of trespass for direct and immediate injuries to plaintiff's automobile occasioned by a collision of the defendant's automobile with that of the plaintiff. The automobile of the defendant was, at the time of the accident, run and operated by the son of the defendant, the latter not being with his son. At the conclusion of the testimony for plaintiff, counsel for defendant moved that the jury be instructed to return a verdict for defendant, for the reason that the injuries complained of were consequential, of which a justice of the peace has not jurisdiction. The facts sufficiently appear in the opinion of the court on the motion.

RICE, J. delivering the opinion of the court:
The plaintiff bases his right to recover in this action upon *Section* 4062, *Revised Code* 1915, which provides:

"Justices of the peace shall severally, within their respective counties, have jurisdiction of actions of trespass for direct and immediate injuries in taking or carrying away, destroying, or damaging goods or chattels, and for direct and immediate injuries to real property, when the damages claimed in such action do not exceed two hundred dollars."

[1] Counsel for the plaintiff claims that the damages to his automobile resulting from a collision of defendant's automobile

with the automobile of the plaintiff was caused by a trespass on the part of the defendant when the injury was direct and immediate, for which the defendant was liable, and over which the justice of the peace below has jurisdiction. The evidence shows that defendant's automobile was run and operated by his son, and at the time of the accident the father was not present. The only proof that the son was operating the automobile by and with the consent and authority of his father, the defendant, was that the defendant had issued to him, as owner, a family license, which license permitted the members of his immediate family over sixteen years of age, to operate and run the automobile upon which the license was issued. While under the facts of the case, this court would have original jurisdiction, whether the injuries were direct or consequential, yet this being an appeal from a judgment of a justice of the peace, if it should appear that the injuries to the plaintiff's automobile were not direct and immediate, the justice of the peace would not have jurisdiction of the case under *Section* 4062, and the plaintiff would not be entitled to recover in this action here.

[2] Under the evidence the court is of the opinion that the injuries were not direct and immediate, but consequential and therefore the justice was without jurisdiction. Defendant's automobile at the time of the accident was in the immediate control of the son and under the evidence it has not been shown that the movement and operation of the car by the son at the time of the accident were in anywise under the direction or control of the defendant; nor has it been shown that the defendant, who was not present at the time of the accident, in any way, directed or authorized the son who was operating the automobile to do the act complained of.

For the reasons stated, the court is of the opinion that the justice of the peace did not have jurisdiction in the case, and therefore it is the duty of the court to direct the jury to find a verdict in favor of the defendant.

Verdict for defendant.