WILLARD REED, d. b. a., *vs.* JOHN W. GUESSFORD, p. b. r.

**1.  JUSTICES OF THE PEACE—JURISDICTION—TRESPASS.**

Under *Rev. Code* 1915, § 4062, conferring upon justice courts jurisdiction of actions of trespass for direct and immediate injuries in destroying personal property, a complaint that defendant overtook plaintiff upon a highway "and with force and arms drove" defendant's automobile into plaintiff's automobile "with great force," breaking and damaging plaintiff's automobile in the sum of one hundred and fifty dollars, *held* within the jurisdiction of the court.

**2.  TRESPASS—ELEMENTS—NEGLIGENCE—INTENT.**

In an action for trespass, whether the forcible act was wilful or by reason of defendant's negligence is immaterial.

**3.  ACTION—FORM—TRESPASS AND CASE DISTINGUISHED.**

In actions where the injury is occasioned by the forcible act of the defendant, if the injury is direct and immediate the action is trespass, while if consequental or mediate the action is case.

**4.  HIGHWAYS—AUTOMOBILES—COLLISION.**

An action for injuries to plaintiff's automobile resulting from defendant's forcible act of driving his own automobile against plaintiff's upon a highway, the injury being direct and immediate, is trespass.

**5.  TRESPASS—NATURE AND ELEMENTS—DEFENSE.**

Trespass is an injury to the person, property, or rights of another which is the immediate result of some wrongful act committed with force, either actual or implied.

(<em>November</em> 18, 1918.)

RICE and HEISEL, J. J., sitting.

*Levin Irving Handy* for appellant.

*Martin B. Burris* for appellee.

Superior Court, New Castle County, November Term, 1918.

APPEAL No. 34, November Term, 1916.

Action of trespass before a Justice of the Peace by Willard Reed against John W. Guessford for direct and immediate injury to plaintiff's automobile. Judgment for plaintiff. Defendant appeals. On special demurrer to second count of pro-narr. Demurrer overruled. Trial by jury. Verdict for plaintiff.

The plaintiff, owner and in possession of his automobile, at the time of the alleged trespass, averred in the second count of his pro-narr., in substance, that he was riding in and along a certain public highway leading from Mt. Pleasant to Middletown in a motor vehicle, commonly called an automobile, driving southward towards Middletown and on the extreme right of the highway, and that defendant then and there overtook him and with force and arms drove a certain motor vehicle, commonly called an automobile,which the defendant was then and there driving in and along said highway, with great force and violence upon and against the motor vehicle of the plaintiff and then and there greatly broke to pieces and directly and immediately injured, damaged and spoiled the motor vehicle of the plaintiff which thereby then and there became and was rendered of no use and value to the plaintiff, etc. The defendant demurred specially, assigning as causes therefor:

First, it does not appear from the declaration that the Justice of the Peace had jurisdiction of the cause of action.

Second, it does not appear that the defendant below drove his motor vehicle into and against the motor vehicle of the plaintiff below purposely or willfully, and that the accident was not purely accidental or the result of negligence.

HEISEL, J., delivering the opinion of the Court:

[1] This is a special demurrer to the pro-narr.; the reasons for the demurrer being that it appears from pro-narr. that the Justice of the Peace did not have jurisdiction of the cause of action, and that it does not appear that defendant drove his motor vehicle into and against the motor vehicle of the plaintiff purposely or willfully and that such driving was not purely accidental or the result of negligence.

The plaintiff in his pro-narr, alleges that while he was driving an automobile along a public highway in this county, the defendant driving another automobile in a reckless and unlawful manner ran into the automobile being driven by plaintiff, thereby causing direct and immediate injury to plaintiff's automobile to the amount of one hundred and fifty dollars.

*Section* 4062, *Code* 1915, conferring jurisdiction on Justices of the Peace in actions for direct and immediate injury to personal property is as follows:

"Justices of the Peace shall severally, within their respective counties, have jurisdiction of actions of trespass for direct and immediate injuries in taking or carrying away, destroying, or damaging goods or chattels, and for direct and immediate injuries to real property, when the damages claimed in such action do not exceed two hundred dollars."

Under these provisions, the action must be one of trespass, the injuries complained of must be direct and immediate, and the damages claimed must not exceed two hundred dollars.

Does it appear from the allegations in plaintiff's declaration that his remedy is by action of trespass or has he stated an action on the case only?

[2] Where the injury is immediate and occasioned by the forcible act of the defendant, trespass is a proper remedy, and whether the forcible act was willfull or by reason of defendant's negligence is immaterial. *Chitty's Pleading*, 125 to 132; *Stephens Nisi Prius*, 1004, 1005, 1019.

[3] The only difference between the two actions where the injury is occasioned by the forcible act of the defendant is the nature of the injury, that is, if direct and immediate, the action is trespass, if consequential or mediate, the action is case. Lord Eldon said in *Correll v. Laming*, 1 *Camp.* 497:

"Whether the injury complained of arises directly, or follows consequentially, from the act of the defendant, I consider as the only just and intelligible criterion of trespass and case."

[4] Was the injury complained of in the case at bar the direct and immediate result of the forcible act of the defendant? It is alleged that defendant by recklessly and unlawfully running

an automobile along the public highway ran into the automobile belonging to plaintiff, and plaintiff sues for the injuries thus occasioned to his automobile.

We have no doubt the injuries thus complained of are direct and immediate.

Chitty and Stephens cite many cases holding injuries caused by negligently driving carriages on the highways and steering ships at sea, are direct and immediate when under the personal direction of the defendant, and the proper action to recover damages for such injuries is trespass.

We find nothing in any reported cases in this state holding to the contrary. In *Conner v. Reardon*, 8 *Houst.* 19, 31 *Atl.* 878 action was brought before a Justice of the Peace under the same statute and the defendant charged with driving his horses and wagon against or into plaintiff's peaches stacked up in baskets, the court held the injury to be direct and immediate and that, the Justice had jurisdiction. That is a case directly in point.

*Guenford et. al. v. Loose*, 5 *Houst.* 596, and *Howell v. Wood*, 6 *Boyce*, 464, 100 *Atl.* 572, while not deciding the point raised in this case are far from being opposed to our conclusion. In *Howell v. Wood*, the driver of the car causing the injury was the son of the defendant, and defendant was in no way shown to be in control or directing it. The court properly held, for that reason, the injuries were not the direct or immediate result of any act of the defendant. This distinction is recognized in all the authorities.

For the reasons above briefly stated the demurrer is overruled.

The case was pleaded to issue and came on for trial before a jury at the November Term of court, December second, 1918, BOYCE and RICE, J. J., sitting. The questions raised sufficiently appear in the charge of the court.

RICE, J., charging the jury:

This is an action of trespass brought by the plaintiff against the defendant to recover for damage to his automobile which he claims to have been directly and immediately occasioned by the

defendant forcibly running his the defendant's automobile into the automobile owned and driven by the plaintiff.

The plaintiff claims that on September fifth, 1916, while he was proceeding in a southerly direction along the public road leading from Mt. Pleasant to Middletown, both places being in New Castle County, the defendant driving an automobile at the same time and place and while proceeding in the same direction as the plaintiff was driving, drove his automobile into the plaintiff's automobile, and as a result the automobile of the plaintiff was damaged in the amount of one hundred and fifty dollars.

The defendant admits that he was driving an automobile at the time and place as claimed by the plaintiff, but denies that he drove his automobile into the plaintiff's automobile, and also denies that the plaintiff's automobile was directly and immediately damaged by any act of his.

[5]    Trespass is an injury to the person, property or rights of another, which is the immediate result of some wrongful act committed with force, either actual or implied.

The question of negligence on the part of defendant does not enter into your consideration of the question whether or not the defendant was guilty of the trespass as alleged in the declaration.

The question for your consideration and determination is whether the defendant with force wrongfully ran his automobile into the plaintiff's automobile, as claimed, and if he did was the plaintiff's automobile damaged, and if so was the damage the direct and immediate result of the defendant's act.

If you find that plaintiff's automobile was damaged as claimed in the declaration, and that the damage was the direct and immediate result of the forcible and wrongful act of the defendant, then your verdict should be in favor of the plaintiff.

If you should find from the evidence that the plaintiff's automobile was not damaged or if it was damaged, that such damage was not the direct and immediate result of the defendant's forcible act then your verdict should be in favor of the defendant.

` If you find for the plaintiff you should assess his damages at such amount as you may believe from the evidence his automobile was directly and immediately damaged by reason of the defendant running his automobile into the plaintiff's automobile.

Verdict for plaintiff.