# CHARLESTON.

STATE *ex rel.* MRS. W. H. SURGEON *v.* LEVI JONES, *Justice, Etc.*

(No. 6357)

Submitted January 9, 1929.   Decided January 15, 1929.

*Thomas West,* for relator.
*Scott, Graham & Wiswell,* for respondent.

HATCHER, JUDGE:

The petitioner was plaintiff in a case before a justice in which she obtained a judgment on July 14, 1928. On July 23rd, the defendant filed an affidavit stating that new material evidence had been discovered and praying for a new hearing. On July 27th, the defendant executed bond for the protection of the petitioner and served notice upon petitioner that on August 1st, a motion to vacate the judgment would be made. On August 1st, the motion was made, the judgment set aside and a new trial awarded.

This is an action in mandamus in which petitioner seeks to have the justice commanded to vacate his order of August 1st, (erroneously referred to in the petition as entered on July 31st), and required to reinstate and issue execution on his original judgment entered July 14th.

The statute relative to the vacation of a judgment, by a justice is section 115, chapter 50, Code, which is as follows:

> "In any case tried without a jury, in which it is not otherwise herein provided, the justice who rendered the judgment, may, on motion of either party, the other, his agent or attorney, being present, or having had reasonable notice of the motion, set aside the judgment within two weeks after it is entered, and grant a new trial on such terms and conditions as he sees fit to impose. But this shall only be done when the justice is satisfied that injustice was done by the judgment to the party by whom the motion is made."

The jurisdiction of the justice to act upon such a motion, being purely statutory, must be exercised within the statutory period of two weeks. 35 C. J., p. 678, section 308. The return of the justice attempts to justify the order of August 1st, as follows: "This court (i. e. the justice) being of opinion that inasmuch as motion was properly made to him before the expiration of two weeks after the entering of said judgment (i. e. July 14th) that the court had jurisdiction of said action." The return is in error in that statement. While notice of the vacating motion was given within the fortnight following July 14th, the motion itself was not made until August 1st, three days after that period had expired.

The justice confused notice of motion with the motion itself. The notice is one step in procedure, the motion another. The notice is given to the litigant—the motion is made before the justice. When the notice was given in this case the motion had not yet been made. It did not exist until August 1st, on which date the justice had no jurisdiction under the statute to entertain it. The peremptory writ will therefore issue.

*Writ granted.*