WILLIAM E. TOWNSEND, Defendant Below, Appellant, *v.*
JESSE A. HARMON, trading and doing business as Har-
mon Oil Company, Plaintiff Below, Respondent.

(*December* 1, 1933.)

HARRINGTON and RODNEY, J. J., sitting.

*Max Terry* for Defendant Below, Appellant.

*Arley B. Magee, Jr.,* for Plaintiff Below, Respondent.

Superior Court for Kent County, Appeal from a Justice of the Peace, in an Action of Trespass for direct and immediate injuries to personal property, No. 1, April Term, 1933.

HARRINGTON, J., delivering the opinion of the Court:

The question raised by the demurrer is whether, under the facts alleged, William E. Townsend could be sued before a Justice of the Peace in an action of trespass.

A Justice of the Peace Court is purely a statutory court of limited jurisdiction but under *Section* 4062, *Revised Code* 1915, it is expressly given jurisdiction, not exceeding a specified amount, in "actions of trespass for direct and immediate injuries in taking or carrying away, destroying, or damaging goods or chattels  *   *   *." See *Howell v. Wood,* 6 *Boyce* 464, 100 *A.* 572; *Reed v. Guessford,* 7 *Boyce* 228, 105 *A.* 428.

There is, however, no express statutory provision giving that court jurisdiction in cases where the damages suffered are not the direct result of the act charged, but are merely the indirect consequence of it. *Howell v. Wood; Reed v. Guessford, supra.*

It is conceded that both counts of the declaration, in substance, alleged that William L. Townsend, the minor, and not William E. Townsend, drove the Chevrolet car, therein referred to, into the Harmon Oil Truck.

Under the facts alleged, unless his rights are changed

by *Section* 71 of the *Motor Vehicle Act* (36 *Del. Laws, c.* 10), Harmon, therefore, had no right of action in trespass against William E. Townsend. *Howell v. Wood; Reed v. Guessford, supra; Street's Found. of Legal Liabil., Vol. 3,* 254; 6 *Thompson on Negligence,* § 7455.

Both counts of the declaration, also, allege, however, that William L. Townsend was then a minor of about the age of eighteen years; that in accordance with the provisions of *Section* 58 of the *Motor Vehicle Act,* William E. Townsend signed his application for an automobile driver's license and under the provisions of *Section* 71 of that Act is, therefore, liable for the negligent act committed by William L. Townsend.

*Section* 71 of the *Motor Vehicle Act* provides:

"Any negligence of a minor under the age of eighteen years licensed upon application signed as provided in *Section* 58 when driving any motor vehicle upon a highway, shall be imputed to the person who shall have signed the application of such minor for said license, which person shall be jointly and severally liable with such minor, for any damages caused by such negligence."

This section of the Act does not make the minor the agent of the parent or guardian who signed his application for a license and, therefore, does not confer jurisdiction on a Justice of the Peace in cases of consequential or indirect damages.

In the particular cases therein referred to, it does, however, impute the negligence of the minor to such parent or guardian, and expressly makes him jointly and severally liable with the minor for any damages caused thereby.

■■ The proceeding before the Jusice was the foundation of this action, and jurisdiction in that court was, therefore, essential to the prosecution of the case of the plaintiff below in this court. Under the facts alleged in the declaration, William L. Townsend could have been sued before the Justice in an action of trespass for direct and immediate injuries to personal property, and if he were a

minor under the age of eighteen years, and William E. Townsend, as parent, or guardian, signed his license application, there would seem to be no good reason why the same action could not be brought against William E. Townsend, either alone, or jointly, with him.

It is contented that the language of *Section* 71 is such that it is apparent that it can only apply to indirect or consequential damages, and that the joint and several liability therein referred to must have been in an action on the case, which is not within the jurisdiction of a Justice of the Peace.

This is apparently because it is the "negligence" of the minor that is imputed to the parent or guardian.

As we view it, there is no merit in this contention, because an act, causing direct and immediate damages, may be a negligent act (*Reed v. Guessford, 7 Boyce* 228, 105 *A.* 428) ; and the act committed by William L. Townsend is alleged to be of that character.

Under the common law rule and before the enactment of *Section* 4177 of the *Code* of 1915 when a direct and immediate act was also a negligence act the injured party, at his election, might sue in either trespass or case. *Street's Found. of Leg. Liability, Vol.* 3, 259, 264, 265; *Williams v. Holland,* 25 *E. C. L.* 50; *Percival v. Hickey,* 18 *Johns.* (*N. Y.*) 257, 9 *Am. Dec.* 210; *Claflin v. Wilcox,* 18 *Vt.* 605; *Knott v. Digges,* 6 *Har. & J.* (*Md.*) 230.

As we have pointed out, the declaration alleges that William L. Townsend was then and there a minor of "about" the age of eighteen years.

*Section* 58 *of the Motor Vehicle Act,* which is also referred to in both counts, provides:

"The Department shall not grant the application of any minor under the age of eighteen years for an operator's license unless such application is signed by the father of the applicant, if the father is living and has custody of the applicant, otherwise by the mother or guardian having the custody of such minor, or in the event a minor under the age of eighteen years has no father, mother or guardian,

then an operator's license shall not be granted to the minor unless his application therefor is signed by his employer."

In order for Harmon, the plaintiff, to bring himself within the provisions of *Section* 71 of the Act in question, good pleading would seem to require a specific allegation that William L. Townsend was "a minor under the age of eighteen years," and the further allegation of the relationship of William E. Townsend to him, whether as parent, guardian, or otherwise.

It is a rule of pleading that the essential facts necessary to show the plaintiff's right must be stated in the declaration. *Layton v. State,* 4 *Harr.* 8, 25. It is also a rule that such facts must be stated with certainty and particularity and not in an argumentative or indirect manner. *Woolley's Del. Prac.,* §§ 346, 353; *Shipman's Common Law Pl., p.* 455. The violation of this latter rule is, however, in most cases merely a defect in form that will be cured by a verdict and must usually be raised by special demurrer. *Layton v. State,* 4 *Harr.* 8, 25, etc.

The essential facts above referred to were not clearly and definitely alleged, but probably because that defect could be cured by amendment, the question was not raised by the demurrant. Perhaps we should state, however, that when the other allegations of the declaration are read in connection with the references made to *Sections* 58 and 71 of the *Motor Vehicle Act* there seems to be at least an argumentative or indirect allegation of such facts that is sufficient in substance to support the verdict for the plaintiff, in case there should be such a verdict. *Layton v. State,* 4 *Harr.* 8, 25, etc., *supra.*

The demurrer is, therefore, overruled.