500

NELSON B. FAULKNER *v.* ELIZABETH MARCOZZI and PASQUALE MARCOZZI.

*(June 2, 1936.)*

LAYTON, C. J., and RICHARDS, J., sitting.

*Evangelyn Barsky* for plaintiff.

*Marguerite Dugan Bodziak* for defendant, Pasquale Marcozzi.

Superior Court for New Castle County, No. 107, January Term, 1936.

LAYTON, C. J., delivering the opinion of the Court:

The declaration charges Elizabeth Marcozzi with negligence in the operation of Pasquale Marcozzi's motor vehicle. It is not alleged that Pasquale Marcozzi was present at the infliction of the injuries complained of, nor that Elizabeth Marcozzi was his agent or servant in his business. Liability is sought to be imposed upon him solely

by virtue of *Sections* 58 and 71 of the *Motor Vehicle Laws, Ch.* 10, *Vol.* 36, *Laws of Delaware.*

*Section* 58 provides that a license to operate a motor vehicle shall not be granted to a minor under the age of 18 years unless the application therefor is signed by the father, if the father is living and has custody of the applicant, otherwise by mother or guardian having custody of the minor, or, wanting father, mother or guardian, then by the minor's employer.

*Section* 71 imputes to the signer of the application the negligence of a minor licensed under *Section* 58, and imposes upon him a joint and severable liability with the minor for any damages caused by the latter's negligence.

While Pasquale Marcozzi has assigned several causes of demurrer, his real objection to the declaration is that, as to him, it fails to show with sufficient definiteness the basis of the plaintiff's right of action.

Each count of the declaration connects Pasquale Marcozzi with the negligence of Elizabeth Marcozzi in this language,

"The defendant, Pasquale Marcozzi, was the owner of a certain motor vehicle, commonly known as a Ford truck, and the signer of the application of a driver's license of the said Elizabeth Marcozzi. According to the Laws of the State of Delaware theretofore enacted, Pasquale Marcozzi became jointly and severally responsible and liable with the operator of said motor vehicle, Elizabeth Marcozzi, for any damage caused by reason of the negligence of said minor."

The statute imposes a liability where none existed at common law. Liability without fault ordinarily cannot be imposed, and, where a statute purports to fasten such liability upon a person by reason of his connecting himself voluntarily with an agency which is the author of the mischief, the statute should be construed with reasonable

strictness, and all facts and circumstances should be alleged which are necessary to bring the person sought to be charged fairly within its circumference.

In this declaration there is no direct and positive averment that Elizabeth Marcozzi was a minor. That fact appears in a most indirect way. It is not alleged that she was under the age of 18 years; nor is it shown what relationship Pasquale Marcozzi bore to her, whether that of parent, guardian or employer. Sameness of name is all that suggests a relationship of any kind.

In *Townsend v. Harmon,* 5 *W. W. Harr.* (35 *Del.*) 562, 171 *A.* 178, in commenting upon the statute, this court said that for a plaintiff to bring himself within the provisions of the statute good pleading would seem to require a specific allegation that the defendant minor was under the age of 18 years, and the further allegation of the relationship of the other defendant to the minor, whether that of parent, guardian or employer.

*Bispham v. Mahoney,* 6 *W. W. Harr.* (36 *Del.*) 318, 183 *A.* 315, does not support the plaintiff's contention. There the suit was against a minor and his mother who had signed his application. She denied liability by a plea which averred that the father was living and had custody. A demurrer to the plea was sustained. It was held that the mother, not a mere volunteer, but a parent and of the class authorized to sign such applications as one having an intimate knowledge of the minor's characteristics and a willingness to risk an assumption of responsibility, ought not to escape the liability voluntarily assumed. The law of the case ought not to be pressed beyond its factual basis. It was not held, or suggested, that the statute authorizes the Motor Vehicle Commissioner to accept a minor's application signed by one not a parent, guardian or employer, nor that a plaintiff, in

seeking a remedy under the statute, need not aver the facts and circumstances from which his right of action is derived.

The declaration does not bring the defendant, Pasquale Marcozzi, within the reach of the statute, and the demurrer must be sustained.