BAYARD HOWELL, d. b., *v.* J. MAURICE EASTBURN, p. b.

(*November* 28, 1938.)

LAYTON, C. J., HARRINGTON and RODNEY, J. J., sitting.

*Marguerite Dugan Bodziak* for defendant below.

*John W. Huxley, Jr.,* for plaintiff below.

Superior Court for New Castle County. ▮▮▮▮▮▮▮▮

LAYTON, C. J., delivering the opinion of the Court:

The plaintiff below sued the defendant in an action of trespass, and judgment was rendered for the plaintiff by default, the defendant not appearing.

By *Section* 4492, *Chapter* 121, *Revised Code,* 1935, the form of summons in ordinary civil actions before a Justice of the Peace is prescribed. This form, in addition to the formal command to the defendant to appear at a certain time and place, requires a general statement of the cause of action "wherein————is demanded".

In actions of trespass before a Justice of the Peace, the plaintiff, by *Section* 4545, is required to file a written statement under hand describing the injury complained of, and the form of summons is prescribed in the following language, "The form of summons prescribed by *Chapter* 121 shall be varied by substituting for the words, 'touching a cause of action wherein————is demanded', the following, viz; 'in an action of trespass (describe the injury as in the statement filed) whereupon damages to the sum of————are claimed'."

The summons issued by the Justice and served on the defendant contained the statement, "touching a cause of action of trespass, two Hundred nine dollars ($209.00) and three dollars seventy two cents ($3.72) costs is demanded".

The injury complained of was not described in the summons as in the statement required to be filed; in fact, it was not described at all. The statute requires that the process issued inform the defendant of the nature and character of the demand made against him. It is mandatory, not merely directory. See 50 *C. J.* 460. The jurisdiction of a Justice of the Peace is entirely statutory. The process should conform strictly in its form, with the requirements of the statute. 1 *Woolley, Del. Pr.*, § 927.

The judgment must be reversed.