STATE OF DELAWARE, Upon the Relation of Joseph C. Rockey, Plaintiff, v. THE HONORABLE SAMUEL J. HATTON, one of the Justices of the Peace in and for New Castle County, State of Delaware, Defendant.

(*March* 23, 1955.)

LAYTON, J., sitting.

*John T. Gallagher* for Plaintiff.

*Stephen E. Hamilton, Jr.*, for Defendant.

Superior Court for New Castle County, No. 944, Civil Action, 1954.

LAYTON, J.:

In the following jurisdictions, Appellate Courts have held that a magistrate has no power to reopen or vacate a default judgment rendered by him after the expiration of the period of time within which motions to reopen or vacate are permitted by statute. *Jeffries v. Newblock,* 56 *Okl.* 320, 155 *P.* 1150; *State ex rel. Surgeon v. Jones,* 106 *W. Va.* 561, 146 *S. E.* 372; *Pratt v. Roberts,* 53 *Me.* 399, and *Hunt v. Kennedy Coal Corp.,* 140 *Va.* 17, 124 *S. E.* 189. In each of the jurisdictions above mentioned, Magistrates' Courts are established by Constitution.

*Pratt v. Roberts,* just mentioned, is precise authority for the proposition that a writ of mandamus is the appropriate remedy in a case such as this.

In behalf of the defendant, Magistrate, it is argued that he has inherent power over his own judgments, and, within the limits of sound discretion, the power to reopen or vacate a default judgment such as this. This argument is predicated upon the claim that, in Delaware, Magistrates' Courts are Constitutional Courts and Courts of general jurisdiction. To the contrary, while Article IV, § I of the *Del. C. Ann.* Constitution of of the State establishes Magistrates' Courts, yet the powers and jurisdiction of such Courts are wholly statutory. Moreover, I find no authority for the claim that, in this State, Magistrates' Courts are Courts of general jurisdiction. To the contrary, *Townsend v. Harmon,* 5 *W. W. Harr.* 562, 171 *A.* 178, classifies them as courts of limited jurisdiction, and *Farrell v. Maryland Credit Finance Corporation,* 2 *W. W. Harr.* 569, 127 *A.* 879, and *Howell v. Eastburn,* 9 *W. W. Harr.* 588, 2 *A.* 2d 899, refer to the jurisdiction of such Courts as entirely statutory.

It is my view of the law that in this State, the Magistrates' Courts, while created by Constitution, nevertheless are restricted in their jurisdiction. Accordingly, a Magistrate has no powers other than those conferred on him by statute and no

power to vacate a default judgment after the expiration of the 15 days period prescribed by 10 *Del. C.* § 9542.

The writ of mandamus will issue as prayed.