**Gary M. HAMILTON and William E. Haug, Petitioners,**

**v.**

**John P. McLAUGHLIN, Justice of the Peace, et al., Respondents.**

Superior Court of Delaware, New Castle.

March 22, 1974.

---

2. There was no testimony of any violation of the motor vehicle laws.

Arlen B. Mekler, Wilmington, for Gary M. Hamilton.

Jacob Balick, Karl J. Parrish, Wilmington, for William E. Haug.

Joseph A. Hurley, Deputy Atty. Gen., Dept. of Justice, Wilmington, for respondents.

OPINION

O'HARA, Judge.

Petitioners were arrested on charges of Murder in the First Degree. On January 25, 1974, they were given a preliminary hearing before a Justice of the Peace. During the course of the proceedings at the preliminary hearing, counsel for defendants sought to suppress by motion certain evidence, to-wit: a statement obtained from the minor defendant Haug. After argument before the Justice, the Court ruled that it did not have authority to entertain the motion to suppress. At this juncture the hearing was adjourned to afford an opportunity to defendants to present to this Court the issue of whether or not the Justice of the Peace had authority to consider such a motion. The matter came on before this Court in the form of an application for a Writ of Mandamus and/or Writ of Habeas Corpus and/or Writ of Prohibition. After argument in the matter, this Court ruled that the Justice of the Peace did not have authority to consider a motion to suppress.

It is settled law in this State that a Justice of the Peace has only such power as is conferred by statute. State v. Hatton, 114 A.2d 651, Del.Super. (1955). Nowhere in the statutory law pertaining to the powers of the Courts of the Justices of the Peace in this State is there a provision for consideration by such Courts of motions to suppress evidence. The only authority in this State which pertains directly to such motions is found in Rule 41(e) of the Superior Court, Del.C.Ann.

Rule 41(e) sets forth the procedure whereby such motions are formally presented to the Court. Such motions are presented in normal, motion-presenting fashion in the Superior Court, but such rule has no applicability to the Courts of the Justices of the Peace.

■ The rule of the Superior Court which pertains to proceedings before the committing magistrate and, in particular, the requirements to be followed with respect to a preliminary hearing, are found in Rule 5(c). Examination of this particular provision emphasizes the fact that a preliminary hearing is intended to be held promptly after the arrest of a defendant and that the committing magistrate will hear witnesses presented on behalf of the State, and the defendant, before determining whether or not there is probable cause to believe that an offense has been committed and that the defendant has committed it. If the committing magistrate is not satisfied on these grounds, he is directed to discharge the defendant. The rule tends to underscore the notion that a primary reason for a preliminary hearing is to provide a defendant, and the State, an early Court review of the basis for a continued holding of an individual. On the other hand, the rule is obviously not designed to provide a full scale hearing in depth with the committing magistrate having virtually the powers of a trial Judge.

Rule 5(c), and the interpretation herein given to its intention, is consistent with the general purposes and construction of the entire body of rules of the Superior Court as indicated by Rule 2 which reads as follows:

"These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."

The absence of statutory authority in the Courts of the Justices of the Peace to consider motions to suppress evidence, as well as the fact that such authority does exist in the Superior Court, is firmly based upon good policy grounds. In the first instance, it should be noted that motions of this type are frequently based upon constitutional grounds or narrow or technical requirements for obtaining admissible evidence.

It is not the current practice in this State to require that Justices of the Peace be so learned in the law that they might hear and determine such issues.

■ Furthermore, it would be inconsistent for committing magistrates to make decisions in this field, as a consequence of which a defendant might well not be held for Superior Court when, on the other hand, that same individual might thereafter be indicted by a Grand Jury hearing the same evidence already suppressed by the Justice of the Peace. This would follow because the Grand Jury clearly may act upon evidence presented to it which might otherwise be inadmissible.

To sanction the determination of motions to suppress evidence in the Justice of the Peace Court would be to encourage delay and duplicity. Whatever the outcome might be before the Justice of the Peace the losing side could, nevertheless, bring on the same matter for decision before the Superior Court at a later stage in the proceedings. The consequence of the two Courts hearing these preliminary matters would obviously and unnecessarily delay the eventual trial of the case itself on the merits. Furthermore, the denial to a defendant of the right to move to suppress evidence at a preliminary hearing stage does not so prejudice the defendant as to be a denial of due process. The preliminary hearing stage is not a trial and no finding of guilt or innocence is the result thereof. It is at the trial level itself, and in the Court with jurisdiction to conduct such trial, that such motions as the one being considered here may be appropriately dealt with under the full protection of the law with respect to defendants' rights.

■ Having concluded that the committing magistrate lacks the authority to hear and decide the evidentiary issue of whether or not certain evidence should be suppressed, it is important to point out that this does not mean that such evidence, in and of itself, may not be considered by the committing magistrate for another purpose.

For example, the primary purpose of the committing magistrate, after hearing all of the evidence, is to determine whether or not there is sufficient evidence to require the defendant to answer to the charge in the appropriate Court. In evaluating the evidence presented by the State, a committing magistrate is certainly entitled to consider how and in what manner any of that evidence was obtained, and to consider such matters in evaluating the weight which should be given to such evidence. In other words, in matters which might otherwise be subject to motions to suppress, the committing magistrate may hear any evidence with respect to the obtaining of that evidence, either by the State or on behalf of the defendant, and then draw appropriate conclusions with respect to the weight and value to be given to the evidence itself.

Having denied all applications by Petitioners on January 25, 1974, the Court herewith directs the filing of this opinion in the case, it being a statement of the reasons supporting the action of this Court.