In the Matter of BROOKVIEW
ASSOCIATES' PETITION FOR
A WRIT OF PROHIBITION.

Superior Court of Delaware,
New Castle County.

Submitted: Oct. 31, 1985.

Decided: Jan. 31, 1986.

Richard A. Levine of Young, Conaway, Stargatt & Taylor, Wilmington, and Richard R. Wier, Jr. of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for petitioner.

James J. Hanley, and Malcolm S. Cobin, Wilmington, for respondent.

GEBELEIN, Judge.

This is an action by the owners[1] of Brookview Apartments, an apartment complex located at 3602 Philadelphia Pike, Claymont, Delaware, to obtain a writ of prohibition directed to Justice of the Peace Court No. 15 to prohibit that Court from issuing an inspection warrant to allow the Division of Boiler Safety to inspect the boilers at Brookview.[2]

A writ of prohibition is an extraordinary remedy available under limited circumstances.

> A writ of prohibition is a writ to prevent the exercise by a tribunal, possessing judicial powers, of jurisdiction over matters not within its cognizance, or exceeding its jurisdiction in matters of which it has cognizance. *Knight v. Haley*, Del.Super., 176 A. 461, 464 (1934).

The writ is one which is only issued in the sound exercise of discretion by the trial court. *Id.* 465.

It is also clearly established that the writ will not issue where there is an adequate remedy for review of the action of the tribunal in question. *Canaday v. Superior Court*, Del.Supr., 116 A.2d 678, 682 (1955). Likewise, it has been held:

> While the inadequacy of other remedies is a prerequisite to a writ of prohibition, that factor does not automatically trigger its issuance. Rather, a two-pronged standard applies which focuses on the exercise of jurisdiction by the lower tribunal as well as on the inade-

---

**1.** Brookview Apartments is owned by Abraham Weiss and Regina Weiss, t/a Brookview Associates; Elliott Weiss, their son, is the managing official of the complex.

**2.** In actuality, the warrants have been issued by the Justice of the Peace Court and the relief sought includes an order "declaring null and void" the warrants already issued.

quacy of remedies. *Milford School District v. Whiteley*, Del.Super., 401 A.2d 951, 953 (1979).

The petition brought by Brookview raises issues as to the adequacy of any remedy for a search warrant/inspection warrant purportedly issued improperly by a Justice of the Peace [3]; as well as the question of the jurisdiction of the Justice of the Peace Court to issue such a warrant.

The jurisdictional grant of authority to issue a search warrant is found at Title 11, § 2305. That section enumerates the items or objects for which a search warrant may issue. Included in that list are:

(5) Papers, articles or things which are of an evidentiary nature pertaining to the commission of a crime or crimes. 11 *Del.C.* § 2305(5).

The statute authorizes a Justice of the Peace to issue a search warrant for any of those listed items. 11 *Del.C.* § 2304.

It is clear that Justices of the Peace are constitutional courts with purely statutory jurisdiction. *State v. Hatton*, Del.Super., 114 A.2d 651 (1955). There is "no authority for the claim that, in this State, Magistrates' Courts are Courts of general jurisdiction." *Id.* at 652. Thus, Justice of the Peace Court only has such jurisdiction as is expressly conferred upon it by statute.

It is provided by statute that any violation of "any of the rules, regulations or requirements of the Division of Boiler Safety" may result in a fine and/or a period of incarceration. 16 *Del.C.* § 8503. Thus, a violation of the rules or regulations of the Division would constitute a crime. Evidence of such a crime would be the proper subject matter for issuance of a search warrant pursuant to 11 *Del.C.* §§ 2304, *et sequi*. Thus, a warrant sought pursuant to Chapter 23 of Title 11 would be within the subject jurisdiction of Justice of the Peace Court.

It must be noted, however, that this Court has long recognized:

Justices of the peace ought to know that they have no powers, or jurisdiction, excepting such as are conferred upon them by statute, and that those conferred by statute can be exercised only in the manner, and as provided by statute.

They have but to consult the statute, and to proceed according to the manner therein clearly set forth, in order to perform their official duties properly, and with satisfaction to the several communities in which they reside.

*In re Thorne*, Del.Super., 93 A. 557, 558 (1915).

Thus, a Justice of the Peace is required to exercise his jurisdiction in a manner consistent with the statute authorizing such power; in this case, the provisions of Chapter 23, Title 11. A magistrate may only issue a search warrant when the procedures provided in Chapter 23 are followed.

In this case, the document issued by Justice of the Peace Court No. 15 is entitled, "Inspection Warrant". The body of the warrant indicates that the Court found "probable cause sufficient to justify administrative inspection of heating boiler in the area, premises, buildings known as:

*Brookview Apartments*

*approximately 75 buildings*

*located at:*

*3602 Philadelphia Pike*

*Claymont, Delaware 19703".*

(Warrant issued by Court 15. Emphasis in original.)

The warrant goes on to state the scope of the search (inspection) permitted:

NOW, WHEREFORE, YOU ARE HEREBY COMMANDED within 10 days of the date hereof to enter the above-described premises and buildings during

---

**3.** Clearly, there is no right to appeal a decision to issue such a warrant. Traditional remedies such as suppression of evidence seized do not adequately and completely protect the rights of one purportedly injured by improper issuance of a warrant.

normal business hours, and to inspect in a reasonable manner the premises and buildings and all pertinent areas therein, including equipment and facilities bearing on violation of 16 *Del.C.*, ch. 85 or regulation promulgated pursuant thereto.

The warrant does not describe with any particularity what objects or evidence is sought. This is required by 11 *Del.C.* § 2307. *See also Edwards v. State*, Del. Supr., 320 A.2d 701, 703 (1974). The warrant does not indicate a finding that probable cause exists that evidence "pertaining to the commission of a crime or crimes" is concealed or located in the premises to be searched; but rather includes only a finding that probable cause exists that a public interest in effective enforcement of Chapter 85 of Title 16 is threatened.

■ The warrant issued in this case, failing to specify any items or evidence to be sought, failing to recite any finding of probable cause to believe such items would be found in the premises and further authorizing an administrative inspection of 75 buildings is not the limited or specific search warrant contemplated by Chapter 23, of Title 11. As the warrant does not comport with the provisions of the only statute giving Justice of the Peace Court authority to issue such a document, it falls outside the jurisdiction of that Court.

■ It should be noted that the General Assembly has clearly manifested an intent that the Division of Boiler Safety conduct appropriate inspections. It does not appear that the authority to order such inspections has been granted to the Justice of the Peace Court. Absent such an express grant of jurisdiction, that Court is without authority to issue Administrative Inspection Warrants.

For the reasons stated, the writ of prohibition must issue.

ORDER ON NOTICE.